(22 App. Div. 54.)

### CRAWFORD v. MAIL AND EXPRESS PUB. CO.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

1. MASTER AND SERVANT—DISCHARGE—BURDEN OF PROOF.

In an action to recover for breach of contract to employ plaintiff for a specified term, the burden is on defendant of showing either that other similar employment had been offered to plaintiff and declined by him, or that plaintiff made no reasonable effort to procure other similar employment.

2. SAME—EVIDENCE.

If, in an action for failure to employ plaintiff as agreed, the only evidence relied on by defendant to show plaintiff's failure to seek other similar employment is plaintiff's own testimony that, from the peculiar nature of the contract, it would have been impossible to find similar work, defendant must take the admission and the explanation together.

3. SAME—DAMAGES—INTEREST.

If an action for damages be brought by a discharged employé before the expiration of the agreed term of service, the damages are necessarily unliquidated, and therefore interest is not to be allowed thereon.

4. SAME—ALLOWANCE—WHEN REVERSIBLE ERROR.

The fact that in an action for unliquidated damages the jury allow interest thereon does not necessitate a reversal of the judgment, where the respective amounts of principal and interest included therein can be separated.

Ingraham, J., dissenting.

Appeal from trial term.

Action by Theron C. Crawford against the Mail and Express Publishing Company. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a new trial, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

William Irwin, for appellant.
Frederic R. Kellogg, for respondent.

O'BRIEN, J. The general principles of law underlying the case are settled by the former decision on appeal in this action. 9 App. Div. 481, 41 N. Y. Supp. 325. The evidence adduced upon the present trial is not so materially different as to change the view expressed upon the former appeal, that upon the facts presented there was sufficient to go to the jury upon the question whether the dismissal of the plaintiff was the result of an actual, or a merely feigned, dissatisfaction on the part of the defendant. The main question having been resolved by the jury in the plaintiff's favor, there is left for consideration only the exceptions, two of which, alone, we regard as of sufficient import to require discussion.

In some way the defendant sought to obtain the benefit of the rule that the plaintiff, in reduction of damages, was obligated to make an effort to obtain similar employment, which it is conceded he did not do. Upon this ground a motion was made to dismiss the complaint, and certain requests to charge were presented to the court, involving the idea that, for failure to observe this obligation, the plaintiff was only entitled to nominal damages. It is to be noted that no such

defense was pleaded. But if we assume that it was proper, under the form of denial, then the burden was upon the defendant of showing either that employment was offered and declined, or that no effort was made to procure it. The only testimony bearing upon that subject was that given by the plaintiff himself, who testified that he did not make any application for similar employment with any other newspaper because it would be useless; and this he explained by saying:

"It was an exceptional contract, in that it permitted doing my private business, and to write upon any subject I pleased. I have had nearly twenty years in the newspaper business, and I knew that it was an unusual thing. No other newspaper would have made such a contract. It was an exceptional, personal contract made with Col. Shepard."

There was no effort made in any way to controvert this statement, and, as the defendant relies entirely upon the plaintiff's evidence as to his failure to obtain similar employment, it must take it with the explanation offered. This left but one inference, which was the one stated by the plaintiff himself, that, in view of the exceptional nature of the contract,—and, from a reading and consideration of its terms, it must be concluded that this characterization was correct,—he could not get similar employment. As the defendant, therefore, had not shown that similar employment was offered and declined, or that by reasonable efforts the plaintiff could have obtained it, the exceptions taken upon this ground we do not regard as good.

The second exception relates to the charge of the judge that interest was to be allowed upon the amount asked for in the complaint. The rule on the question of interest, as stated in White v. Miller, 78 N. Y. 393, cited with approval in Sloan v. Baird, 12 App. Div. 488, 42 N. Y. Supp. 38, is that in an action for breach of a contract, where the damages are unliquidated, interest is not to be allowed on the damages, unless they are such as might easily be ascertainable and computed at the time of the breach, from facts which are then known to exist. In Howard v. Daly, 61 N. Y. 362, which was a case where a contract for future employment and services had been entered upon, and, when the time arrived to perform, the employer repudiated the contract, it was held that the remedy of the employé is not an action for wages, but to recover damages for the breach, and that the damages in such action are prima facie the amount of the wages for the full term. The amount of damages, however, in such an action, is necessarily unliquidated, because it is liable to be affected by the question whether the plaintiff has been able to earn anything during the time covered by the contract, or has refused to enter into a similar contract, when he might have done so, and thus reduced the amount of damages. This action having been brought before the expiration of the contract for the breach of which it is sought to recover damages, the damages are necessarily unliquidated, and it was error to charge that the jury should allow interest. This error would not necessarily require that the judgment be reversed, but, to the extent that the interest was included, it should be modified. While some confusion was introduced, growing out of the discussions that took place, and the different instructions given by the court, as

to the amount of principal and interest, there is no difficulty in reaching a determination as to just how the amount of the verdict was arrived at. The verdict was for $3,753.20, which included $717.20 interest. Deducting this from the verdict leaves $3,036 as the sum to which the judgment should be reduced. The court in one place instructed the jury that the total amount of principal and interest was $4,303.20, and that this was error is shown by the colloquy which took place between the court and counsel as to just what was the plaintiff's demand, and what deduction should be made therefrom. The total amount of principal claimed was $3,586. From that the jury were to deduct two sums of $250 and $300, making $550, which the plaintiff had earned. This left the sum already stated as the proper amount of the judgment, viz. $3,036, to which, as directed, the jury added $717.20 interest, and thus their verdict was for $3,753.20. The judgment should be accordingly modified by reducing it to the sum of $3,036, and, as so modified, affirmed, without costs.

VAN BRUNT, P. J., and RUMSEY and WILLIAMS, JJ., concur. INGRAHAM, J., dissents.