(25 Misc. Rep. 166.)

### SOMMER v. CONHAIM et al.

(Supreme Court, Appellate Term. November 10, 1898.)

1. MASTER AND SERVANT—WRONGFUL DISCHARGE—MEASURE OF DAMAGES.
    Where a servant's contract of employment has not expired at the time of trial, the measure of damages for his wrongful discharge is his wages up to then, less the amount he could have earned by seeking other employment.

2. SAME—INSTRUCTIONS.
    Damages for a servant's wrongful discharge being unliquidated, it is error to charge that the servant's recovery is the amount of his wages, less a stated sum allowed for what he probably would have earned during the remainder of the term by seeking other employment.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Abraham Sommer against Abraham Conhaim and others. There was a judgment for plaintiff, and defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

George Ryall, for appellants.
Charles C. Levenson, for respondent.

BEEKMAN, P. J. This action was brought by the plaintiff for his alleged wrongful discharge by the defendants, in whose employ

he claims he was under a contract of hiring for a year, at a stated compensation of $15 a week. The trial was had below before the justice and a jury; the principal question in issue being whether the employment was for a year, as claimed by the plaintiff, or only from week to week, as the defendants contended. The jury found a verdict in favor of the plaintiff, thus sustaining his version of the contract. We think that there was sufficient evidence in the case, if credited, to support the verdict; and the jury, whose function it was to determine the question of credibility, having decided it in favor of the plaintiff, their verdict upon the facts should not be disturbed.

The only question, then, which we consider is open for our determination, is one of law, which was raised by an exception to the judge's charge. The facts, as we must deem them to have been established by the determination of the jury, show that the plaintiff was employed for a yearly service beginning February 26, 1898; that he entered upon the performance of such service, and was wrongfully discharged on April 30, 1898. This action was brought on the 17th day of June, 1898, and the trial was had on the 13th day of July, 1898. The court instructed the jury that, if they found that there was a yearly hiring, they must give the plaintiff a verdict for $500 damages. The amount thus specified seems to have been based upon the plaintiff's bill of particulars, in which he estimated his damage at $15 a week for the contract period which was unexpired at the time of his discharge, amounting to the sum of $645, upon which he allowed to the defendants a deduction of $145, stated to be for "probable employment to the end of the contract term," leaving a balance of $500, for which suit was brought. It is quite evident that the deduction thus made was resorted to rather for the purpose of enabling the plaintiff to sue in the municipal court, whose jurisdiction is measured by the exact amount sued for, than upon any reasonable estimate of what the facts of the case properly required. There was no agreement or assent on the part of the counsel for the defendants to the amount of damages which the court thus undertook to liquidate. The damages were unliquidated, and the court should have left it to the jury, under proper instructions, to determine how much the plaintiff was entitled to. Instead of so doing, he seems to have taken it entirely from their consideration. The measure of damage in such a case as this, where the suit is brought and the trial is had before the expiration of the time fixed in the contract for the duration of the service, seems to be the actual damage which the plaintiff is able to show that he has suffered down to the time of the trial. Everson v. Powers, 89 N. Y. 527; Bassett v. French, 10 Misc. Rep. 672, 31 N. Y. Supp. 667. The latter case, in which Mr. Justice Pryor delivered the opinion, is particularly in point. It is well settled that if at that time the period of the contract has expired, although the action was actually commenced before, the measure of damage then would be the stipulated amount of wages for the entire period succeeding the breach, subject to such reduction as it might appear from the evidence the defendants were entitled to, either on account of money actually earned by the plaintiff during the period in another service, or which he would have earned had he sought

other employment.    The reason for the rule is not that the plaintiff is entitled to additional or other damages than those which he had suffered at the time when the action was brought, but that by reason of the lapse of time the amount of his damages, which otherwise would have been problematical and uncertain, have become fixed and definite.    The logic of the decisions on this point would seem to compel the conclusion that, where the period fixed for the service has not expired at the time of the trial, the contract price to that date only expresses the maximum limit of plaintiff's recovery in an action for a wrongful discharge.    Taking this, then, as the proper rule, and applying it to the case at bar, the measure of damage was the amount of the contract price up to the time of the trial, subject to such diminution as the jury might find should be allowed by reason of the neglect of the plaintiff to obtain other employment, if in their judgment the evidence warranted the conclusion that he had failed in his duty in that regard.    The burden, however, of showing such neglect, rests upon the defendants.    Howard v. Daly, 61 N. Y. 362; Crawford v. Publishing Co., 22 App. Div. 54, 47 N. Y. Supp. 747. We think it is quite clear that the exception to the portion of the charge referred to was well taken, and that the judgment should therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event.    All concur.