[L. A. No. 529.   Department Two.—March 24, 1899.]

A. McDERMONT et al., Appellants, v. ANAHEIM UNION WATER COMPANY et al., Respondents.

WATER COMPANY—RIGHTS OF STOCKHOLDERS—VOID AMENDMENT OF ARTICLES—IRRIGATION OF OTHER LANDS—INJUNCTION.—An action may be maintained by stockholders in a water company formed for the purpose of supplying water, within a limited area, for irrigation and domestic uses to its stockholders, in whom the sole beneficial use of the water was vested, to enjoin the company from supplying the water for the irrigation of the lands of new stockholders made defendants, to whom stock was issued under a void amendment of the articles of incorporation including additional lands, where the complaint shows that the amendment was adopted and filed by the directors without the consent of the holders of two-thirds of the subscribed capital stock, and without the required publication of notice of intention to amend the articles, and shows that the supplying of water to the new stockholders will deprive the plaintiffs of a portion of the water which is necessary to irrigate their lands and for their domestic uses.

ID.—PLEADING—SUFFICIENCY OF COMPLAINT—AVERMENTS UPON INFORMATION AND BELIEF.—Material allegations of the complaint relating to facts the truth of which is peculiarly within the knowledge of the defendant, may be made upon information and belief; and the fact that the records of the corporation defendant in relation to the matter of those allegations were open to the inspection of the plaintiff does not affect the rule. Such records may be contradicted, upon information and belief, if they do not speak the truth.

ID.—AVERMENT AS TO AMENDMENT OF ARTICLES—FOLLOWING LANGUAGE OF CODE.—An allegation of the complaint as to the amendment of the articles of incorporation, following the language of section 362 of the Civil Code, and negativing the facts therein required

to be performed to make the amendment valid, is a sufficient allegation to show that that section was not complied with, as against a general demurrer.

Id.—Innocent Purchasers of Stock—Laches—Estoppel—Demurrer—Answer.—Where the complaint does not show on its face that any of the defendants were innocent purchasers of the new issue of stock, or that the plaintiffs were chargeable with laches or estoppel, neither of these matters can be taken advantage of upon demurrer, and each of them must be set up in the answer as matter of affirmative defense, in order to render them available.

Id.—Unexplained Delay. — An unexplained delay of forty days in bringing the suit after the amended articles of incorporation were filed cannot be held to be laches *per se.*

Id.—Offer of Restitution—Theory of Complaint.—Where the complaint is framed on the theory that the attempted amendment of the articles of incorporation was null and void for noncompliance with the law, it need not aver an offer of restitution of the money paid by the defendants to the corporation.

Id.—Improper Order—Material Matter Stricken out.—An order striking out material allegations showing the illegal diversion of the plaintiffs' water, and that the water in controversy is necessary and useful to the plaintiffs, and leaving the complaint devoid of anything to show any water right either in the water company or in the plaintiffs as its stockholders, is improper.

Id.—Striking out Conclusion of Law.—An averment of a conclusion of law drawn from the articles of incorporation and by-laws appearing in the complaint, is properly stricken out.

APPEAL from a judgment of the Superior Court of Orange County. J. W. Ballard, Judge.

The facts are stated in the opinion.

E. E. Keech, for Appellant.

Cochran & Williams, for Mary E. Haynes, Respondent.

Graves, O'Melveny & Shanklin, for Security Savings Bank, of Los Angeles, Respondent.

A. E. McNutt, for A. E. Nolt, Respondent.

Richard Melrose, and John D. Pope, for Anaheim Union Water Company, and others, Respondents.

GRAY, C.—In this case a motion to strike out portions of the complaint was granted and a demurrer to the complaint

sustained, and, the plaintiffs refusing to amend, the defendants had judgment and the plaintiffs appealed.

The plaintiffs in this case are stockholders in the corporation defendant, and they bring this action to enjoin the defendants from disposing of any of the water of such defendant to any one other than *bona fide* stockholders in said corporation. The defendant corporation is formed for the purpose of supplying water for hydraulic, irrigation and domestic uses to its stockholders, and within the limits of a certain twelve thousand acres of land in Los Angeles county. It is not organized for the purpose of profit or for the purpose of distributing dividends to its stockholders, but solely for the purpose of owning and controlling water in ditches and reservoirs, the sole beneficial use of said water being vested in the stockholders. (*McFadden v. Board of Supervisors*, 74 Cal. 571.)

The complaint contains the usual allegations as to the incorporation of defendant, the purpose for which it was formed, et cetera, and then alleges in substance, among other things, that the directors of the corporation (who are also made defendants) on the 7th of November, 1896, adopted resolutions to amend the articles or certificate of incorporation so as to increase the land to which it should supply water to thirteen thousand and fifty-five acres by including one thousand and fifty-five acres contiguous to the original twelve thousand acres in the description of lands, contained in the articles, to which water was to be supplied. The complaint also states that on May 17, 1897, the articles of incorporation as amended were filed in the office of the county clerk and a certified copy thereof in the office of the secretary of state; that these amended articles had never been approved or adopted by the vote or written consent of stockholders representing two-thirds of the capital stock; that a new issue of some three hundred and seventy shares of stock in the corporation had followed the amendment of the articles, and that such new issue of stock had been sold to various parties who are also made defendants herein, and that unless restrained from so doing the defendants will divert a ratable portion of the waters of the corporation to these new stockholders for use upon the lands added by the amendment of the articles to the original district embraced in the original articles

of incorporation, and the plaintiffs will thereby be deprived of a portion of the water which is necessary to irrigate their lands.

The first reason urged why the demurrer was properly sustained is that certain material allegations of the complaint were made on information and belief. Section 446 of the Code of Civil Procedure seems to contemplate that the averments of a pleading may be based on information and belief, and it would seem that where the allegations of a complaint relate to facts, as they do in this case, the truth of which is peculiarly within the knowledge of the defendants, there can be no valid objection to their being based on information and belief. The fact that the records of the corporation were open to the inspection of plaintiffs does not affect this rule, for the reason that such records may be contradicted if they do not speak the truth.

The allegation of the complaint, "That the amendment to the articles . . . . has never been adopted or approved by a vote or written consent of the stockholders of said corporation representing at least two-thirds of the subscribed capital stock thereof, nor has any notice of the intention to make said amendment been advertised in any newspaper published in the town or county in which the principal place of business of said corporation is located," follows the language of section 362 of the Civil Code, and is a sufficient allegation to show that that section was not complied with, in the face of any objection that can be urged against it on a general demurrer.

The complaint on its face does not show that any of the respondents were innocent purchasers of the new issue of stock in good faith, for value and without notice. If there exists any such defense as that, it must be pleaded in the usual way; it cannot be taken advantage of by demurrer in this case.

The defenses of laches and estoppel are affirmative defenses in their nature, and the facts showing their existence must be set out in an answer, as they do not appear from the complaint. An unexplained delay in bringing this suit for forty days after the filing of the amended articles of incorporation cannot be held to be laches *per se*.

The complaint is drawn on the theory, and its allegations show, that the attempted amendment to the articles of incorpora-

tion was an absolute nullity and void for noncompliance with the law, and that the issue and sale of stock was also an absolute nullity for the same reason. An offer to restore or a tender of money back is only necessary where it is sought to rescind or annul something. Here the plaintiffs ask to have that declared void, which has on their statement been void from the beginning and not merely voidable. The plaintiffs, so far as appears from the complaint, have received nothing on account of the sale of the stock, and therefore could not in any event be called on to restore anything. If there is any restoring to be done, the purchasers of the stock will have to look for that in the direction their money went, and, if they have any defense at all, based on the absence of a tender or the want of an offer to restore, it will have to be incorporated in a proper pleading along with the other defenses already referred to.

On motion, the court by its order struck out of the complaint the following, to wit: "And upon said lands plaintiffs have valuable walnut orchards and other trees which require all the water to which plaintiffs are entitled, as hereinafter alleged, to maintain them in a healthy, productive condition."

"5. That since the organization of said corporation, under and in accordance with its articles of incorporation as aforesaid, it has acquired water and water rights in the Santa Ana river amounting to a constant flow, where the same is taken from the Santa Ana river during the irrigating season, of from one thousand to two thousand miner's inches of water, measured under a pressure of four (4) inches."

"8. That, at all times since the organization of said corporation, all of the water owned and controlled by it has been necessary during the summer months to supply the stockholders of said corporation with water for their necessary irrigation and domestic uses."

These or similar allegations are the most common and most necessary in every complaint for the purpose of enjoining the illegal diversion of the plaintiffs' water. In striking them out, the complaint was left devoid of anything to show any water right in either the water company or the plaintiffs as its stockholders. It must always be shown in a complaint, in an action of this character, that the water in controversy is necessary

and useful to the plaintiff for some beneficial purpose. In striking out these allegations the court erred. In the sixth paragraph of the complaint the pleader evidently stated a conclusion of law which he drew from the articles of incorporation and by-laws appearing elsewhere in the complaint, and this was properly stricken out.

I advise that the judgment be reversed.

Britt, C., and Pringle, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed.

Temple, J., McFarland, J., Henshaw, J.

Hearing in Bank denied.