[S. F. No. 1268.   Department One.—November 5, 1900.]

CHARLES B. RYLAND, Respondent, v. R. HENEY, Jr., Appellant.

APPEAL FROM JUDGMENT—REVIEW OF EVIDENCE—SUPPORT OF FINDINGS.— Upon appeal from a judgment, taken more than sixty days after the entry thereof, the evidence cannot be reviewed to ascertain whether it supports the findings.

ID.—SUPPORT OF JUDGMENT—CONSISTENCY OF FINDINGS—STATUTES OF LIMITATIONS — SEPARATE ITEM—PRESUMPTION OF WRITTEN CONTRACT.—A general finding that no part of plaintiff's cause of action is barred by the statute of limitations is not to be deemed in-

consistent with a finding upon an item more than two years old and less than four years old not included in a written contract set forth in the answer and findings. It must be presumed from the general finding that such item was based upon a written contract.

ID.—BARRED ITEM—MODIFICATION OF JUDGMENT.—An item shown in the findings to be barred by the statute of limitations is ground only for a modification of the judgment, by proper reduction thereof, and not for a reversal thereof, merely because of the inconsistency of such item with other findings.

ID.—JUDGMENT PARTLY SATISFIED—EFFECT OF AFFIRMANCE.—The affirmance of a judgment will not affect the fact that it has been partly satisfied.

ACTION FOR GRAPES SOLD AND DELIVERED—WRITTEN CONTRACT—TIME OF PAYMENT—ALLOWANCE OF INTEREST.—In an action for grapes sold and delivered, where the price of the grapes is fixed by a written contract, pleaded in the answer, and the amount of recovery is capable of being made certain by calculation, the plaintiff, in a judgment based upon the contract, is entitled to recover interest from the time fixed in the contract for payment; and it is proper to look to the contract to determine the allowance of interest.

ID.—EVIDENCE—LETTER OF DEFENDANT TO PLAINTIFF'S BROTHER.—A letter written from the defendant to the plaintiff's brother and received by him in due course of mail, relating directly to the claim upon which the action is based, is admissible against the defendant; and the brother, in connection with its admission, may be asked if he had any personal claim against the defendant.

ID.—LETTER MISDIRECTED TO PLAINTIFF'S BROTHER—REFERENCE TO PLAINTIFF'S LETTER.—A letter from defendant intended for the plaintiff and referring to a letter received by defendant from plaintiff, which was by mistake of defendant's wife, acting as his secretary, misdirected to plaintiff's brother, is properly admitted in evidence against the defendant.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. G. Lorigan, Judge.

The facts are stated in the opinion.

J. B. Kerwin, and Francis J. Heney, for Appellant.

H. E. Wilcox, and D. M. Burnett, for Respondent.

GRAY, C.—By reference to the notice of appeal herein we find that on the twenty-second day of October, 1897, the defendant appealed from a judgment entered in plaintiff's favor on the

twenty-fifth day of March, 1897. At the same time defendant also appealed from an order denying him a new trial, which latter appeal was on motion of plaintiff heretofore dismissed by this court.

The action is brought to recover an amount alleged to be due for some grapes sold and delivered by plaintiff to defendant. It appears that the sale was made under a written contract, signed by plaintiff and defendant, which is contained in the answer, repeated in the findings, and reads as follows, to wit:

"Mount Cabernet Vineyard, Cupertino, June    , 1892.

"This agreement is to certify that I have sold to R. Heney, Jr., my Cabernet wine grape crop, vintage of 1892, at twenty dollars per ton. Payment to be made one year from average date of delivery. Said grapes to be delivered at his winery in good condition and to contain not less than twenty-four per cent saccharine, and are to be picked and delivered in the order desired from day to day."

The court finds that between October 10 and November 12, 1892, the plaintiff delivered to defendant under and according to the terms of said written contract 53.5435 tons of Cabernet wine grapes, and that the amount due therefor was and is $1,070.87. The court further finds that the twenty-fifth day of October, 1892, was the average date of delivery as provided in said written contract; that there was paid by defendant to plaintiff $118, as part payment of the purchase price of the said grapes delivered under said written contract as aforesaid. It is also found that there is due from defendant to plaintiff $115.48 for grapes (not of the Cabernet variety) sold and delivered between October 10 and November 12, 1892.

It is further found that plaintiff is entitled to judgment against the defendant for $1,068.35, together with interest thereon from the twenty-fifth day of October, 1893, at seven per cent per annum; and judgment was accordingly entered on March 25, 1897, for $1,323.86, with interest at seven per cent per annum from date of the judgment, and for costs. Thereafter a motion for a new trial was made by defendant, and the trial court being of opinion that the item of $115.48 was

barred by the statute of limitations, such proceedings were
thereon had that to avoid the granting of a new trial the plain-
tiff duly remitted from the judgment and acknowledged satis-
faction thereof to the extent of $143.08, being the said item of
$115.48 with the interest thereon.    The satisfaction of the judg-
ment to the above extent was thereupon, by order of the court,
duly entered, and the motion for a new trial was denied.

1. We cannot review the evidence to ascertain whether it
supports the findings, for the reason that the notice of appeal
shows that the appeal was taken from the original judgment
more than sixty days after entry thereof, and there is no appeal
here now from any modification of said judgment nor from
any order made subsequent to the entry of said judgment.

2. But appellant insists that the findings do not support the
judgment appealed from for the reason: 1. That the findings
are inconsistent and on their face show that the item of $115.48
is barred by the statute of limitations; and 2. No interest
should have been allowed.    It does not appear from the find-
ings whether the said item of $115.48 sprung from a written
or oral contract, and there is, therefore, nothing in the other
findings inconsistent with the eighth, which expressly finds that
plaintiff's cause of action is not, nor is any part thereof, barred
by the statute of limitations.    The findings show that the item
claimed to be barred accrued within four years prior to the
commencement of the action; it could be barred, then, only in
case it was not based upon a written contract, and from the
fact that the court finds that it is not barred, we must presume
that it arose out of a written contract.    But aside from all this,
if the item complained of were shown by the findings to be
barred by the statute of limitations, the remedy would be a
modification of the judgment by reducing it in the amount of
said item and the interest thereon.    This has already been done
in effect by the trial court on the stipulation of the respondent
and by the consent of the appellant, as appears from the record
laid before the court on this appeal by the appellant himself.

It is plain that the plaintiff was entitled to interest on the
amount found to be due under the written contract, because
the price of the articles sold was fixed in the contract and the
amount that plaintiff should recover was capable of being made

certain by calculation, and the right to recover this certain amount was vested in plaintiff on a particular day, to wit, October 25, 1893. (Civ. Code, sec. 3287.) The judgment in plaintiff's favor, so far as it has not been satisfied, is based upon the written contract set up in the answer, and therefore it is proper to look to that contract to determine whether interest should be allowed.

3. The letter, Exhibit "D," purporting to be written by defendant to plaintiff's brother, dated January 31, 1896, and received in due course of mail, was shown to relate directly to the claim upon which this action is based. The objection to it, "that it refers to an entirely different account and addressed to an entirely different person," was, therefore, properly overruled.

The question of J. R. Ryland, the brother of plaintiff, as follows, "Now, in connection with this, did you have any account personally with Mr. Heney, Jr.?" was asked for the purpose of showing, in connection with further questions and answers, that the letter, Exhibit "D," received by the witness from defendant, related to defendant's contract with the plaintiff, and the question was evidently intended to obviate the objection that had been made to the introduction of the said letter. There is no merit in the objection to the quoted question.

It was shown by the evidence that the defendant's wife was his secretary; that she answered the letters that came to him, sometimes at his dictation, at others on her own motion, in his absence signing his name thereto; that she wrote and signed her husband's name to the letter of April 3, 1896, Exhibit "F," in reply to one from plaintiff addressed to defendant and received by her on that date during the temporary absence of her husband in San Jose for a portion of the day; that the defendant subsequently received a reply to the said letter of April 3d, and his wife also told him of having written it on the receipt of this reply. Thereafter, as we understand the evidence, the defendant dictated to his wife a letter of date April 15, 1896, Exhibit "E," intended by him to be sent to the plaintiff, but by some mistake his wife wrote and addressed it to plaintiff's brother, J. R. Ryland, who, it appears, was acting as agent in the matter for plaintiff. This letter of April 15th was introduced in evidence by plaintiff without objection on the part of

defendant; it purports to be signed by defendant, and in it reference is made to the letter of April 3d, Exhibit "F," and part of the contents of said Exhibit "F" is therein repeated, and it is distinctly referred to as emanating from defendant. We therefore hold that the letter of April 3d was properly admitted in evidence.

Affirming the judgment appealed from will not alter the fact that said judgment has been in part satisfied. We therefore advise that said judgment be affirmed.

Smith, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Van Dyke, J., Harrison, J., Garoutte, J.

Hearing in Bank denied.