Excelsior Terra Cotta Company, Appellant, *v.* Dudley S. Harde et al., Respondents.

1. Interest — Extent of Modification of Rule as to Unliquidated Demands. While the old common-law rule has been modified, which required that a demand should be liquidated, or its amount ascertained, before interest could be allowed, the extent of its modification is that if the amount due is capable of being ascertained by mere computation, the allowance of interest is proper.

2. Same. Where the court, upon the trial of an action to foreclose a mechanic's lien, found that there were defects in the work done and delay in performance, allowed a certain sum upon the defendants' counterclaim for the damages caused thereby, disallowed the plaintiff's claim for extra work and then directed judgment in his favor with interest for the difference between the payment called for by the contract and the amount allowed upon defendants' counterclaim, the allowance of interest is erroneous for the reason that the contract price was subject to a reduction for damages, incapable of being ascertained as to amount and the claim for extra work was in dispute.

*Excelsior Terra Cotta Co.* v. *Harde,* 90 App. Div. 4, affirmed.

(Argued February 3, 1905; decided February 21, 1905.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March

2, 1904, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The action was brought to foreclose a mechanic's lien, filed for work done and materials furnished under a contract between the plaintiff and the defendants. The complaint set up the contract, which called for a payment of $6,600; alleged its full performance and claimed to recover, in addition to the contract price, for extra work done of the alleged value of $1,100. The answer denied the allegations as to performance and as to extra work, and demanded, by way of counterclaim, a large sum of money for the damage occasioned by defective work and by delay in performance. The trial court found that there were defects in the work done and delay in performance; allowed $2,000 to the defendants for the damage sustained thereby and disallowed the amount claimed for the extra work done. Upon the amount for which judgment was directed, interest was allowed. The Appellate Division, in the first department, affirmed the judgment, with a modification, striking out the amount allowed for interest and, by reason thereof, the plaintiff has appealed to this court.

*Charles Coleman Miller* for appellant. The judgment in plaintiff's favor was proper because, in spite of the amount allowed to the defendants on their counterclaim, the evidence showed an acceptance of plaintiff's material by defendants, and the court found such acceptance. (*Domschke* v. *R. R. Co.*, 26 N. Y. Supp. 840; *Bonwell* v. *Auld*, 9 Misc. Rep. 65; *Corser* v. *Russell*, 20 Abb. [N. C.] 316; *Gray* v. *Barton*, 55 N. Y. 68; *G. Mfg. Co.* v. *Seale*, 3 App. Div. 515; *Fleck* v. *Rau*, 9 App. Div. 43; *Kissam* v. *Kissam*, 21 App. Div. 142; *Burrows* v. *Dickinson*, 115 N. Y. 672.) The claim was liquidated. (*Sweeney* v. *City of New York*, 173 N. Y. 414; *Sloan* v. *Baird*, 162 N. Y. 327; *Porter* v. *Swan*, 14 Misc. Rep. 406; 156 N. Y. 701; *Haden* v. *Coleman*, 73 N. Y. 567; *Stout* v. *Jones*, 9 N. Y. S. R. 570; 120 N. Y. 638;

*Smith* v. *Alker*, 102 N. Y. 87; *McMahon* v. *N. Y. & E. R. R. Co.*, 20 N. Y. 463.)

*Nathan Ottinger* for respondents. Plaintiff's claim was unliquidated and subject to a reduction of $2,000 for plaintiff's breach of contract which was also unliquidated and, therefore, no interest can be allowed. (*Delafield* v. *Village of Westfield*, 41 App. Div. 24; 169 N. Y. 582; *Sweeney* v. *City of New York*, 173 N. Y. 414.) Interest should not have been allowed, as the only demand for payment included large illegal claims, and was for $3,100 more than plaintiff was entitled to. (*Cutter* v. *Mayor, etc.*, 92 N. Y. 166; *Deering* v. *City of New York*, 51 App. Div. 402; *Carpenter* v. *City of New York*, 44 App. Div. 230.) As upon the facts found by the court plaintiff was entitled to no judgment whatsoever, the award of interest was properly stricken out. (*Spence* v. *Ham*, 163 N. Y. 225; *Mitchell* v. *Williams*, 80 App. Div. 527; *D'Amato* v. *Gentile*, 54 App. Div. 625; 173 N. Y. 596; *Smith* v. *Ruggiero*, 52 App. Div. 382; 173 N. Y. 614; *Anderson* v. *Peterit*, 86 Hun, 600; *Hallister* v. *Mott*, 132 N. Y. 18; *Hawkins* v. *Connor*, N. Y. L. J. March 1, 1900; *Weeks* v. *O'Brien*, 141 N. Y. 199; *Byron* v. *Low*, 109 N. Y. 291; *O'Brien* v. *Mayor*, 139 N. Y. 543.)

GRAY, J. I think that the reduction as to interest was right. The plaintiff's claims were, under the circumstances, unliquidated. They were, in fact, upon *quantum meruit*. The finding of the trial court established that the claim under the contract was subject to a reduction, because of defective and dilatory performance, to the extent of nearly one-third of its amount; while the claim for extra work was wholly disallowed. The case comes within the authority of *Delafield* v. *Village of Westfield*, (41 App. Div. 24, aff'd without opinion, 169 N. Y. 582); where the plaintiff's claim, which was, in part, upon contract and, in part, for extra work, was reduced by an award of damages for failure in performance. The Appellate Division, there, held that, as the amount, when

ascertained, was subject to a reduction for damages sustained by the defendant for improper performance of the work and the amounts due for extra work could only be ascertained by proofs, the plaintiff's claims were unliquidated and that, therefore, interest was not recoverable. That case, as an authority, was not questioned in *Sweeny* v. *City of New York*, (173 N. Y. 414), upon which this appellant relies. On the contrary, being referred to, it was shown, in the opinion, how the two cases differed. In the case then under consideration, it was observed that the claim was not so peculiar in its character, as to take it out of the general rule, and that the amount due to the plaintiff was a mere matter of computation. Referring to the *Village of Westfield's* case, it was pointed out that the plaintiff's claim there was subject to reduction for damages, caused by breach of contract and by improper performance, and, as the defendant's set-off was unliquidated, the plaintiff's remedy was, necessarily, dependent upon the amount of the set-off.

While the old common-law rule has been modified, which required that a demand should be liquidated, or its amount ascertained, before interest could be allowed, the extent of its modification is that if the amount due is capable of being ascertained by mere computation, the allowance of interest is proper. (See *Gray* v. *Central R. R. Co. of N. J.*, 157 N. Y. 483.)

In this case that was not possible, when the contract price was subject to a reduction for damages, incapable of being ascertained as to amount and when the claim for extra work was in dispute.

For these reasons, I advise the affirmance of the judgment, with costs.

O'Brien, Bartlett, Haight and Werner, JJ., concur; Cullen, Ch. J., and Vann, J., absent.

Judgment affirmed.