[Civ. No. 699.   Second Appellate District.—October 29, 1909.]

## G. W. WATERBURY, Appellant, v. TEMESCAL WATER CO. et al., Respondents.

CORPORATIONS—ELECTION OF DIRECTORS—DISQUALIFICATION OF ELECTED PERSON—INSUFFICIENT STOCK UNDER BY-LAWS.—Where, at the regular annual meeting of the corporation defendant for the election of directors, the one who received the largest majority of votes was disqualified for election under the by-laws by reason of not holding sufficient stock, he is not entitled to the office as against a qualified director elected who received a less number of votes.

ID.—SUBSEQUENT PURCHASE OF STOCK BEFORE MEETING FOR ORGANIZATION.—The person who received the largest number of votes having been disqualified at the time of the election, if he purchased the requisite number of shares of stock thereafter and prior to the meeting held by the duly elected directors for organization, that fact is immaterial, and could not authorize him to act as a director at that meeting to the ouster of one who was qualified to act at the time of the election.

ID.—PROVISION OF CODE—DUTY OF IMMEDIATE ORGANIZATION—PRESUMPTION.—As section 308 of the Civil Code provides that immediately after their election the directors must organize by the election of a president, it must be presumed that this was done, and until it is shown otherwise, the purchase of the additional stock by the disqualified person will be assumed to have been made subsequent to the organization of the directors.

ID.—WATER COMPANY—ORGANIZATION NOT FOR PROFIT—BENEFIT OF STOCKHOLDERS—BY-LAWS.—The circumstance that the water company was not organized for profit, but for the purpose of distributing water to its stockholders, and that its operating expenses were met by assessments on the stock, could not preclude its power as a corporation to pass by-laws prescribing the number of shares of

stock which would be required as qualification for its directors, under section 303 of the Civil Code.

ID.—UNTENABLE PROCEEDING TO TEST VALIDITY OF ELECTION.—One claiming to have been elected as director of the water company who had not at the time of the election of its directors the qualification of a director prescribed by its by-law at the time of election, is not entitled to any relief on a proceeding to test the validity of the election, under section 315 of the Civil Code.

ID.—APPEAL—ALTERNATIVE METHOD—PROPER RECORD—TRANSCRIPT IN LIEU OF BILL OF EXCEPTIONS.—Where an appeal is taken under the alternative method by filing the notice of appeal without service under section 953a of the Code of Civil Procedure, the proper record upon appeal is a transcript to be certified by the judge in lieu of a bill of exceptions, which becomes part of the judgment-roll.

ID.—SENDING UP OF ORIGINAL PAPERS IMPROPER.—The clerk of the trial court is not entitled to send up his original files of papers in the cause in lieu of a transcript to be certified by the judge and filed upon the appeal. The law makes it the duty of the clerk to preserve the original files in his office, and to leave them here would render it impossible for him to enter up the *remittitur* of this court sent down in this proceeding, and he will be permitted to withdraw the same and send up a certified copy thereof in lieu of the original.

APPEAL from a judgment of the Superior Court of Riverside County.   F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

G. R. Freeman, for Appellant.

Purington & Adair, for Respondents.

TAGGART, J.—This is a proceeding under section 315 of the Civil Code to test the validity of an election of directors by the defendant corporation.

Judgment was for the defendant upon a demurrer to the complaint. The appeal is from the judgment and the record before us appears to consist of the original papers filed in the proceeding in the superior court, made up into, and certified to be, the judgment-roll in the action, together with the original notice of appeal, which bears no acknowledgment of service. We therefore presume that the appeal is intended to be one taken from the judgment by the alternative method, and shall consider the questions presented upon this assumption, no objection being made by the respondents.

At the regular annual meeting of the stockholders of the defendant corporation, held on December 1, 1908, for the purpose of electing seven directors in accordance with the by-laws thereof, plaintiff received the highest number of votes cast for any person, and was therefore one of the seven receiving the highest number of votes. The board of election, however, after announcing the vote as stated, further reported that plaintiff was not qualified under the by-laws to act as a director, and declared seven other persons to be duly elected such directors. The disqualification of plaintiff was based upon the following provision of the by-laws: "Qualification:— No stockholder shall hold the office of director of this corporation unless he is a *bona fide* holder of at least ten shares of the capital stock of this corporation," and the further showing that plaintiff was the owner of but eight shares of stock of the company at the time of the election. On December 2, 1908, plaintiff became the owner of three and one-half other and additional shares of the capital stock of the Temescal Water Company and had them transferred to him upon the books of the corporation. It is then alleged that on December 2, 1908, there not being a quorum of the board of directors present, those present adjourned to December 7, 1908. That plaintiff presented himself, as a director ready and willing to act, to the directors in attendance at the meeting on December 2, 1908, and again on December 7, 1908, on which latter date the persons acting as a board of directors refused to recognize him as such. The minutes of the meeting on the last-mentioned date contain a recital that the meeting was held pursuant to adjournment of December 2, 1908, for the purpose of organizing. The minutes, however, do not show any election of officers to have taken place.

Appellant contends that by the acquisition of the additional shares of stock on December 2, 1908, he qualified prior to the meeting of the directors to organize, and therefore that he was the holder of the requisite number of shares of capital stock at the time of the organization of the board and entitled to be declared elected, although admittedly he was not such holder at the time of the election. This contention cannot be sustained, as the by-laws provide that the directors "shall serve for one year from the *date of their election* and until their successors are elected," etc. There was, then, no in-

tervening time between the election and the beginning of the term within which plaintiff could have qualified, and in this regard the case differs from those in which a distinction is drawn between eligibility for election and the qualification to *hold* the office. The plaintiff was not qualified to fill the office at the time the term began, and it cannot well be contended that by qualifying later he could oust the member who was qualified at the time of the election. Again, as section 308 of the Civil Code provides: "Immediately after their election, the directors must organize by the election of a president," etc., and as there is nothing in the complaint and petition to negative their having complied with the law in this respect, unless it be the recital from the minutes of December 7, 1908, above referred to, we may assume, until it be shown otherwise, that the organization of the board took place at the time provided by law, which was prior to the time the plaintiff claims to have become a *bona fide* holder of ten shares of stock.

Appellant also contends that the Temescal Water Company, as disclosed by the purposes of its organization set out in the complaint and petition, is not a corporation for profit, and therefore the provision of the by-laws requiring a director to be the holder of a certain number of shares of capital stock, is in conflict with the statute. (Civ. Code, sec. 305.) Accepting the first proposition that the corporation is not one for profit, because the water rights and other property it is authorized to acquire are to be devoted exclusively to furnishing water to its own stockholders and to them within a limited area, and the expense of operating and distributing the water is to be met by assessment on the stock (*McFadden* v. *Los Angeles,* 74 Cal. 571, [16 Pac. 397] ; *McDermont* v. *Anaheim,* 124 Cal. 114, [56 Pac. 779] ; *Hildreth* v. *Montecito,* 139 Cal. 22, [72 Pac. 395]), we do not think it necessarily follows that the corporation may not by its by-laws provide a qualification for its directors.

Section 305 (Civ. Code) provides some of the qualifications necessary to holding the office of director in a corporation organized in this state, as follows: "A majority of the directors must be, in all cases, residents of this state. Directors of corporations for profit must be holders of stock therein to an amount to be fixed by the by-laws of the corporation.

Directors of all other corporations must be members thereof.'' The initial clause of this section provides that the corporate powers must be exercised "by a board of not less than three directors to be elected from among the holders of stock; or where there is no capital stock, then from the members of such corporations," etc. The term "members" is apparently used in the section to designate the members of corporations having no capital stock, and if there were no other provision in the code relating to this matter, it might be argued that corporations having capital stock but which are not organized or operated for profit are not provided for. The general provisions relating to the matters which may be provided for in the by-laws of a corporation are contained in section 303 (Civ. Code), and among the matters authorized to be provided are: "4. The qualifications and duties of directors," etc., and by section 301, every corporation, regardless of its character, must adopt by-laws. It is apparent, then, that the by-laws of the corporation must control in the determination of plaintiff's rights. Not having the qualifications provided by the by-laws to act as a director at the time his term of office began, he is not entitled to the relief sought in this proceeding.

If, as is hereinabove suggested, the record before us consists of the original judgment-roll and notice of appeal in this proceeding, the clerk of the superior court of Riverside county is the legal custodian of such papers and they should have remained on file in his office. On account of the fact that the language of the statute providing for the sending up of the record on an alternative appeal has been somewhat misconstrued in this respect, and no rule placing a construction upon the statute has been adopted by the supreme court, we have acted upon the record as it was presented, but think it our duty to call the attention of the trial court to the language used in the sections of the code relating to the alternative method of appeal. Section 953a, Code of Civil Procedure, provides that any person desiring to appeal "may in lieu of preparing and settling a bill of exceptions," pursuant to section 650, do certain things in preparing a *transcript* to be used on the appeal. After the judge has certified the transcript which has been made, it is provided that the same shall "be and become a portion of the judgment-roll and may be

considered on appeal *in lieu of* the bill of exceptions now provided for by law.'' The transcript so allowed and certified becomes a part of the judgment-roll only in the same sense that a bill of exceptions was made a part thereof by section 670, Code of Civil Procedure—that is, to serve as part of the record on appeal under section 950. (Since the amendment of section 670 in 1907 bills of exceptions are no longer made a part of the judgment-roll.)

There is no express authority for the appellant being relieved from printing his transcript on appeal in any case except one in which the transcript has been settled and allowed by the trial court in accordance with section 953a. This is true whether it consists of a judgment-roll only, or a record made up under the alternative method in lieu of a bill of exceptions; and, while the statute is open to the construction that the original of such a transcript, that is, the record prepared in accordance with sections 953a and 953b, may be sent up to the appellate court, it was clearly not intended to authorize the clerk of the trial court to send up his original files in the action, consisting of the pleadings, findings, judgment and other papers made a part of the judgment-roll by section 670. To do this would not only deprive the office of the papers and records which the law makes it the duty of the clerk of the superior court to preserve, but would render him unable to enter up the *remittitur* of this court sent down upon this proceeding. (Code Civ. Proc., sec. 958.) If the papers on file in this court be the original records of the superior court, the clerk of that court is granted leave to withdraw the same, and within twenty days from the date of filing of this decision is directed to file with the clerk of this court a duly certified copy of such records in lieu of the originals so withdrawn.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.