[S. F. No. 5664.   Department Two.—March 9, 1912.]

JOHN SEYMOUR, Respondent, v. THERESA A. OEL-RICHS et al., Appellants.

BREACH OF CONTRACT OF EMPLOYMENT—MEASURE OF DAMAGES—INTEREST NOT ALLOWED PRIOR TO JUDGMENT.—In an action for the breach of a contract of employment, commenced before the expiration of the period for which the employment was to have continued, the measure of damages, being the contract price for the entire period, less such earnings from other employments in which the plaintiff might have been engaged after his discharge, and also what he may earn, by the exercise of reasonable exertion and diligence during the balance of the unexpired term, are neither certain nor capable of being made certain by calculation until a finding by the court as to such earnings, and no interest is recoverable thereon prior to judgment.

ID.—POWER OF ATTORNEY—CONSTRUCTION OF GENERAL AUTHORIZATION—
   EMPLOYMENT OF OVERSEER OF BUILDINGS.—A power of attorney,
   which, after granting a special authorization to the attorney to act in
   the matter of the settlement of an estate, contains a general autho-
   rization to perform any of a great variety of acts which include
   almost every conceivable mode of dealing with real or personal
   property, and to execute a great number of specified kinds of docu-
   ments, "and such other instruments in writing, of whatsoever kind
   and nature, as may be necessary or proper in the premises," autho-
   rizes the attorney to enter into a written contract for the employ-
   ment of a person to superintend and conserve the holdings of the
   principal.
ID.—PROOF OF CONTRACT—PLEADINGS.—An allegation in the complaint
   in such action that the plaintiff was employed by the defendants to
   act as overseer of their lands and the buildings thereon, for a stated
   period, is sustained by his testimony that he was employed by them
   for such period at a stated salary and had charge of the buildings
   and performed other services.
APPEAL—TRANSCRIPT.—CERTIFIED COPY OF REPORTER'S NOTES.—In an
   appeal taken under the provisions of section 953a et seq. of the
   Code of Civil Procedure, it is not only allowable, but desirable, that
   a printed and duly certified copy of the original transcript of the
   reporter's notes as approved by the judge should be filed in the
   supreme court in lieu of the original.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Tobin & Tobin, for Appellants.

P. F. Dunne, and C. W. Durbrow, for Respondent.

MELVIN, J.—This is the second appeal in this case. The action was for the breach of a contract of employment and although this court held that the conduct of the defendants was such as to estop them from availing themselves of the statute of frauds in defense of the oral contract, provided Herman Oelrichs had written authority to bind his wife, Theresa A. Oelrichs, and her sister, Virginia Vanderbilt, the judgment in favor of the plaintiff was reversed because the record did not disclose such power. (*Seymour* v. *Oelrichs,*

156 Cal. 782, [134 Am. St. Rep. 154, 106 Pac. 88].) On the second trial powers of attorney given by Mrs. Oelrichs and her sister to Herman Oelrichs were introduced in evidence and again plaintiff prevailed, the judgment being for $11,100, with interest at the rate of seven per cent per annum from November 17, 1904, the date of the commencement of the action, together with the costs of suit. From this judgment defendants Theresa A. Oelrichs and Virginia Vanderbilt appeal.

Appellants call our attention first to the asserted error in granting a judgment for interest from the date of the filing of the complaint. It is conceded that plaintiff's right to recover damages vested in him on the day of his discharge from the service of appellants, but appellants contend that at no time prior to the judgment were these damages certain or capable of being made certain by calculation; that therefore section 3287 of the Civil Code does not apply; and that no interest should have been awarded except from the date of the judgment (citing *Brady* v. *Wilcoxen,* 44 Cal. 239; *Selleck* v. *French,* 1 Conn. 32, [6 Am. Dec. 195]; *Excelsior Co.* v. *Harde,* 181 N. Y. 11, [106 Am. St. Rep. 493 73 N. E. 494]; *White* v. *Miller,* 78 N. Y. 393, [34 Am. Rep. 544]; *Sloan* v. *Baird,* 12 App. Div. 481, [42 N. Y. Supp. 38]; *Mansfield* v. *New York C. & Hudson R. R. Co.,* 114 N. Y. 331, [4 L. R. A. 566, 21 N. E. 735, 1037]; *Crawford* v. *Mail & Express Co.,* 22 App. Div. 56, [47 N. Y. Supp. 747]; *Cox* v. *McLaughlin,* 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100]; *Coburn* v. *Goodall,* 72 Cal. 498, [1 Am. St. Rep. 75, 14 Pac. 190]; *Swinnerton* v. *Argonaut L. & D. Co.,* 112 Cal. 375, [44 Pac. 719]; *Ryland* v. *Heney,* 130 Cal. 426, [62 Pac. 616]; *Cutting F. P. Co.* v. *Canty,* 141 Cal. 692, [75 Pac. 564]; *Ferrea* v. *Chabot,* 121 Cal. 233, [53 Pac. 689, 1092]; *Easterbrook* v. *Farquharson,* 110 Cal. 311. [42 Pac. 811].) In the opinion filed in this case on the former appeal the measure of damages used by the court below was approved. This court said: "It appears that the plaintiff, some eight months after his employment under the contract with defendants was discontinued, secured a position with Wells, Fargo & Co., at a monthly salary of two hundred dollars. The court based its award of damages on the aggregate salary to which plaintiff would have been entitled for the unexpired portion of

the contract period of ten years with defendants, deducting therefrom, however, the amount earned by plaintiff in his employment with Wells, Fargo & Co., up to the time of the trial, together with the amount which he would earn during the remainder of the ten years at the salary of two hundred dollars a month, the amount paid him by Wells, Fargo & Co., assuming that he would retain his employment and salary with Wells, Fargo & Co., during all of the unexpired portion of the stipulated ten years." Obviously such measure of damage is neither certain nor capable of being made certain by calculation until a finding by the court of the facts regarding the plaintiff's employment and the assumption as to his probable future earnings. Indeed, in commenting upon the rule adopted we said: "Nor is the rule disturbed by the argument, advanced by the appellants, that it is impossible to determine with accuracy what damage plaintiff would actually suffer during the remainder of the unexpired term. It is to be conceded that the question of the extent of the future damage which a complaining party in a case like the one at bar would suffer is fraught with some difficulty. Yet it hardly rests with the defendants to complain of such difficulty, since it arises only through the wrongful act of the defendants themselves." Respondent cites *Lane* v. *Turner*, 114 Cal. 400, [46 Pac. 290], and *Pacific Mutual Life Ins. Co.* v. *Fisher*, 106 Cal. 233, [39 Pac. 758], but neither of these cases is in point. In both, the claims under discussion were capable of being made certain by adjustment and were not unliquidated like the claim of the payment in this action which involved, as one of its essential elements the amount of the probable earnings of Captain Seymour after the date of his discharge. There is no merit in respondent's contention that because interest was allowed in the original judgment and the measure of damages adopted by the court has been approved, that therefore the right of the court to declare interest due from the date of the filing of the complaint is "the law of the case." On the former appeal the element of interest as a part of the judgment was not considered. We are of the opinion that interest from the date of the filing of the complaint was erroneously allowed.

Appellants assert that the powers of attorney are not sufficient to authorize such a contract of employment as respondent

pleaded and sought to prove. The appellants seek to apply to the two powers of attorney here (which by the way are practically identical in form) the rule laid down in such cases as *Quay* v. *Presidio & Ferries R. R. Co.*, 82 Cal. 1, [22 Pac. 925], that where special authority to do certain designated things is given by a power of attorney, followed by words of general authorization, the general are limited by the special terms. An inspection of these instruments, however, convinces us that they do not come within the rule announced above. In each Mr. Oelrichs was authorized: 1. To ask, demand, and receive from the estate of James G. Fair and from the executors of his will all the distributive share of the daughter of James G. Fair appointing said attorney in fact, whether as heir at law or as testamentary beneficiary, and to receipt for and take possession of all such property both real and personal; 2. To transact with the Nevada Bank every and all kinds of business in which she was jointly or severally or in any manner interested; 3. To pay off or otherwise settle any indebtedness with said Nevada Bank which she might personally or jointly owe upon such terms as to the attorney in fact might seem meet, to arrange for the transfer of the obligations to the bank by an assignment from the bank to any other person, to transact any business with reference to a memorandum of agreement made between appellants and the bank on a certain specified date and to give the bank any such receipt of discharge in law as the attorney in fact might deem necessary in the premises. Thus far the power of attorney dealt with the settlement of the Fair Estate and matters between the Nevada Bank and the heirs of James G. Fair, but the language following is too comprehensive in its scope to bring it within the limits of the rule for which appellants contend. The powers granted are too broad to be deemed merely a part of the authorization of Mr. Oelrichs to collect the proceeds of the administration of the Estate of Fair and to settle with the Nevada Bank for (to quote directly from the document) he was given power to "ask, demand, sue for, recover, collect and receive all such sums of money, debts, dues, accounts, legacies, bequests, interest, dividends, annuities, and demands whatsoever, as are now or shall hereafter become due, owing, payable or belonging to me; . . . to bargain, contract, agree for, purchase, receive and take lands,

tenements and hereditaments; . . . and to lease, let, demise, bargain, sell, remise, release, convey, mortgage and hypothecate lands, tenements and hereditaments, upon such terms and conditions and under such covenants, as he shall think fit; . . . and to make, do and transact all and every kind of business of what nature and kind soever; and, also, for me and in my name, and as my act and deed, to sign, seal, execute, deliver and acknowledge such deeds, covenants, indentures, agreements, mortgages, hypothecations, bottomries, charter parties, bills of lading, bills, bonds, notes, receipts, evidences of debt, releases and satisfaction of mortgage, judgment and other debts, *and such other instruments in writing, of whatsoever kind and nature, as may be necessary or proper in the premises.*" This is the form of power of attorney much in use in this state and as was said by this court in *Moore* v. *Gould,* 151 Cal. 727, [91 Pac. 618], it authorized the attorney in fact to perform any of a great variety of acts which "include almost every conceivable mode of dealing with real and personal, tangible and intangible property." Under such a power of attorney giving him dominion so extensive over a large amount of property, undoubtedly Mr. Oelrichs was authorized to employ someone to superintend and conserve the holdings of Mrs. Oelrichs and Mrs. Vanderbilt. The hiring of such a person would be natural and proper and the right to secure the services of such a functionary is implied from the extensive and almost unrestricted delegation to Mr. Oelrichs of the owners' control over and power of disposition of their property. (*Muth* v. *Goddard,* 28 Mont. 237, [98 Am. St. Rep. 553, 72 Pac. 621].)

There is no merit in appellants' statement that the proof does not sustain the allegations of the complaint with reference to the kind of contract therein set forth. Plaintiff testified that he was employed by the heirs of the Estate of Fair for the period of ten years at a certain salary; that he had charge of the buildings and performed other services. This was equivalent to saying that he was hired to take charge of the buildings and to perform the other services which he detailed, and brought the proof sufficiently within the allegations of the complaint. Both appellants knew the sort of work Captain Seymour was to do and the salary he was to receive, and there never was any question relating to the

terms of his contract of employment except in regard to its period of duration.

This appeal was taken under the provisions of section 953a et seq. of the Code of Civil Procedure.' The original transcript of the reporter's notes as approved by the judge was not sent here, but a printed and certified copy thereof was filed. Respondent asserts that this is not a record which we may notice. We cannot agree with this view of the law. The language of section 953c of the Code of Civil Procedure, that "said record shall be filed with the clerk of the court to which the appeal is taken and no transcript thereof need be printed" is permissive. It is not only allowable, but desirable, that a printed and duly authenticated copy of the transcript should be filed here in lieu of the original. (*Waterbury* v. *Temescal Water Co.*, 11 Cal. App. 632, [105 Pac. 940].)

Let the judgment be amended by striking therefrom that part of it which provides for interest at the rate of seven per cent per annum from November 17, 1904, the date of the commencement of this action. In all other respects the judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.