[L. A. Nos. 1113, 1256. In Bank.—April 3, 1903.]

EDWARD HILDRETH, Respondent, v. MONTECITO CREEK WATER COMPANY, Appellant.

DISTRIBUTION OF WATER—PUBLIC USE—OWNERSHIP—INJUNCTION—INSUFFICIENT COMPLAINT.—Where one claiming to be a beneficiary of a public use of water for distribution, asks the court to protect him in its enjoyment by injunction, his complaint does not state a cause

of action, if it does not aver the ownership or control of water by the defendant which is the subject of the use.

ID.—CONSTRUCTION OF PLEADING—ESSENTIAL FACT NOT ALLEGED—NON-EXISTENCE.—The pleading of the complainant must be construed most strongly against the pleader; and if a fact necessary to his cause of action be not alleged, it must be taken as having no existence.

ID.—DEFECTS IN PLEADING—FINDING AGAINST INFERENCE.—The rule that defects in a pleading consisting of facts, appearing by implication only, may be deemed cured by verdict or findings necessarily implying their existence, cannot apply where the finding is contrary to the inference or implication.

ID.—FINDINGS—CONCLUSION NOT SUPPORTED.—The conclusion by the court that the plaintiff was entitled to an injunction cannot be supported either upon a theory of findings entirely outside of the issues tendered by the complaint as to the ownership by plaintiff of part of the waters of the creek by appropriation and use, as appurtenant to his land, or upon the theory of findings that he was the beneficiary of a public use, entitled to the water for which he paid the rates, as alleged in the complaint.

ID.—PUBLIC USE OF WATER—CONSTRUCTION OF CONSTITUTION.—The meaning of section 1 of article XIV of the constitution, which declares that "the use of all water appropriated for sale, rental, or distribution," is a public use, cannot be so broadened as to cover the proposition that all water which is distributed among a number of persons is from that fact alone to be considered as devoted to a public use.

ID.—RIGHTS OF BENEFICIARIES UNDER PUBLIC USE.—In the case of a public use the beneficiaries do not possess rights to the waters which are, in the ordinary sense, private property. A public use must be for the general public, or some portion of it, in common, and not a use by or for particular individuals, or for the benefit of certain estates. The right of an individual to a public use of water is in the nature of a public right, possessed by reason of his *status* as a person of the class for whose benefit the water is appropriated or dedicated.

ID.—PRIVATE OWNERSHIP—JOINT DIVERSION—COMMON CONDUIT.—Where a number of persons owning land are each entitled to take water from a common source, for use upon their respective tracts, the water right of each is individual and several, and must be considered as private property, and not the subject of public use; and where they make joint diversion in a common conduit, with common funds, they will be the owners in common of the diversion works and conduit, but their respective water-rights will remain private property.

ID.—CORPORATION—AGENCY—PRIVATE USE OF WATER.—If the persons owning such respective water-rights form a corporation, and delegate to it the work of diversion and distribution, and of construct-

ing and repairing dams and conduits, reserving their several rights in the water, they do not thereby dedicate the water to public use; but the corporation becomes merely their agent for serving their several interests by a common system of works, and the water remains in individual ownership and private use, as before.

APPEALS from a judgment of the Superior Court of Santa Barbara County and from an order refusing to dissolve a temporary injunction. W. S. Day, Judge.

The facts are stated in the opinion of the court.

G. H. Gould, for Water Company, Appellant.

The findings show the private ownership of the water by the stockholders, and not a public use as alleged. There can be no recovery outside of the allegations of the complaint. (*Mondran* v. *Goux,* 51 Cal. 151; *Murdock* v. *Clarke,* 59 Cal. 653; *Bryan* v. *Tomey,* 84 Cal. 130; *Reed* v. *Norton,* 99 Cal. 617; *Shenandoah etc. Co.* v. *Morgan,* 106 Cal. 417; *Riverside Water Co.* v. *Gage,* 108 Cal. 244, 245; *Schirmer* v. *Drexler,* 134 Cal. 134.)

Robert Y. Hayne, for Stockholders of Appellant.

The total absence of any pleading upon which the judgment is given is ground for reversal. (*Schirmer* v. *Drexler,* 134 Cal. 138, 139.) The findings do not show plaintiff's right to any definite quantity of water, and cannot support the judgment, and the judgment is too uncertain to stand. (*Dougherty* v. *Haggin,* 56 Cal. 522; *Riverside Water Co.* v. *Walker,* 112 Cal. 232, 233; *Watson* v. *Damon,* 54 Cal. 279; *Stewart* v. *Taylor,* 68 Cal. 7; *Macoleta* v. *Packard,* 14 Cal. 179; *Ellis* v. *Rademacher,* 125 Cal. 559, 560.) Plaintiff is not a stockholder, and the evidence shows no prescriptive right against the stockholders, for want of any defined user of any particular quantity. (*North Fork Water Co.* v. *Edwards,* 121 Cal. 666.) The water belonged to the stockholders and not to the corporation, and their title thereto is expressly reserved, and could not pass to the company. (*Painter* v. *Pasadena etc. Co.,* 91 Cal. 78-81; *Truett* v. *Adams,* 66 Cal. 218; *Sloan* v. *Furnace Co.,* 29 Ohio St. 568; *Emerson* v. *Mooney,* 50 N. H. 315; *Whittaker* v. *Brown,* 46 Pa. St. 198; *State* v. *Wilson,* 42 Me. 9; *Munn* v. *Worrall,* 53 N. Y. 44; [1]

[1] 13 Am. Rep. 470.

*Winthrop* v. *Fairbanks,* 41 Me. 307; *Wiley* v. *Sedorns,* 41 Iowa, 226.) The corporation was a private water company, and there was no public use. (*McFadden* v. *Los Angeles,* 74 Cal. 571; *Shorb* v. *Beaudry,* 56 Cal. 450.)

Canfield & Starbuck, for Respondent.

The case shows a public use to the extent to which the water was distributed and sold, so that any one situated as was this plaintiff, who had enjoyed the benefit of a supply, was entitled to have it continued upon paying such rates as were fixed and required by the company. (Const., art. IV, sec. 1; *Price* v. *Riverside etc. Co.,* 56 Cal. 433; *McCrary* v. *Beaudry,* 67 Cal. 120; *Merrill* v. *Southside etc. Co.,* 112 Cal. 426; *Crow* v. *San Joaquin etc. Co.,* 130 Cal. 309.)

SHAW, J.—These appeals arise out of the same action. No. 1113 is an appeal by the defendant from an order refusing to dissolve a preliminary injunction, and No. 1256 is an appeal by the defendant from the final judgment, taken within sixty days after its rendition, and presenting as the record on appeal the judgment-roll and a bill of exceptions containing the evidence. The two appeals will be considered together.

The sufficiency of the complaint is attacked by a general demurrer and by the motion to dissolve the injunction. The complaint does not state facts sufficient to constitute a cause of action. The purpose of the action is shown by the prayer, which is, that the defendant be enjoined from shutting off from the plaintiff's premises the water supply from Hot Springs Creek theretofore used thereon, and from interfering with the flow thereof to, and the use thereof on, the said premises. The plaintiff in his complaint does not claim any ownership of or title to the water of the creek in himself, or as appurtenant to the land. The theory upon which the complaint is drawn is, that the water has been appropriated and dedicated to public use; that plaintiff, as a beneficiary of the use, has been receiving a due proportion of the water for use on the premises; that defendant is in charge of this public use, and is therefore bound to continue to supply the water for use on the premises, upon payment or tender of the rates established therefor.

It must be admitted that a person, natural or corporate, cannot be said to be in charge of the administration of a

public use of water, unless such person either owns or controls some water which is the subject of the use. And if one, claiming to be a beneficiary of the use, asks the court to protect him in its enjoyment, against a person claimed to be in charge of the use, he must show in his complaint that such person has the ownership or control of water which is the subject of the use. Otherwise, there can be no cause of action. There is no direct decision in this state on the precise question, but it was recognized as one of the fundamental conditions of such liability in *Price* v. *Riverside etc. Co.,* 56 Cal. 431. In that case the court, speaking of corporations organized for the distribution of water for public use, says that every such corporation "has impressed upon it a public trust,—the duty of furnishing water, *if water it has,* to all those who come within the class" for whose benefit the use was created. But the proposition is fundamental and needs no authority or discussion to support it. It is evident from an examination of the complaint that it was carefully and skillfully drawn so as to avoid the statement of this fact. After alleging the ownership by the plaintiff, as trustee, of three and a half acres of land situated in "The Montecito," and known as the "Lorenzana Place," it alleges the right of the plaintiff and the liability of the defendant as follows:—

"II. That the defendant is a corporation organized under the laws of the state of California, and is the owner of and in the possession, management, and control of *a system of water-works* and *water-pipes* constructed and laid in said Montecito for the public distribution and use in said Montecito of the water of the Hot Springs Creek, and by means of which water-works and pipes the said waters of Hot Springs Creek have been appropriated and dedicated to public use as aforesaid.

"III. That for many years the premises of plaintiff aforesaid have been supplied with water from said . . . creek for [certain uses], by said defendant by means of its water-works and pipes aforesaid . . . at the rate of one dollar per month . . . ; that plaintiff has paid the said water-rates as demanded by said company for such water supply for said premises, to and including the month of February, 1901; . . . and that plaintiff is willing, ready, and able to pay for said supply to said premises as the same may be, or may become due," and desires to have the supply continued.

Allegations follow to the effect that in February, 1901, defendant gave notice to plaintiff of its intention to shut off "from said premises the supply of water heretofore furnished by defendant as aforesaid"; that defendant intends to, and will, unless restrained, cease to supply water to the premises; that plaintiff has no other means of supply, and will suffer irreparable damage.

It will be observed that while these paragraphs explicitly aver ownership and control by the defendant of a system of water-works, they do not state that the defendant owns, controls, or has the right to control the waters of Hot Springs Creek, or any other water. And although it is averred that by means of these water-works the waters of the creek have been appropriated and dedicated to public use, it is not stated that this appropriation or dedication was made by the defendant, nor that the waters still remain subject to such use. For all that appears in the complaint some other person may at all times have been the owner and in control of the water, and may have made the dedication to public use, using defendant's water-works as the means, and the defendant as the agent, for the distribution; or the water may have ceased to flow, or the public right may have been divested and the water converted to private use. This is well illustrated by the subsequent proceedings in the case, the court finding that the stockholders of the defendant are the owners and entitled to the use of all the waters of the creek, except that portion which has been theretofore distributed to the plaintiff's premises; and if there is any finding at all as to plaintiff's right, it is that he is the owner and entitled to the use of this excepted portion under a right by appropriation and user, which right has been recognized and acquiesced in by defendant.

The pleading must be construed most strongly against the pleader. If a fact necessary to his cause of action is not alleged it must be taken as having no existence. The rule, sometimes applied, that defects in a pleading, consisting of facts appearing by implication only, will be considered as cured by the verdict or findings necessarily implying the existence of such facts, has no application here, because, as above stated, the finding is contrary to the inference or implication. Therefore, it must be assumed in ruling upon the demurrer that some other person or persons did own and

control the water, and that the defendant was only in the management and control of the means by which that water was conveyed to the plaintiff's premises, and was not in charge of the public use of the water. For these reasons the demurrer should have been sustained and the preliminary injunction dissolved.

It may be added, in view of a possible amendment of the complaint in the lower court, that there is no direct allegation in the complaint that at the time the action was begun there was any water in Hot Springs Creek which could be made the subject of public use, and there is no averment, except by inference, that there ever was any water flowing in that creek.

As there may be another trial in the lower court, it is proper to notice some other questions arising upon the record and likely to affect the final decision in the case. It is difficult to determine on what theory the court below founded its conclusion of law that the plaintiff was entitled to the injunction. It must have been either that the findings showed the plaintiff to be the owner of a portion of the waters of the creek by appropriation and use as an appurtenance to his land, of which right he had not been divested, or that the water was devoted to public use, and that plaintiff as a beneficiary of the use was entitled to have the water supplied to him so long as he paid the rates. If the former theory was adopted, then the findings are entirely outside the issues, and the judgment cannot stand. (*Schirmer* v. *Drexler*, 134 Cal. 134.) If it was the latter, then the conclusion is not justified by the findings. There seems to be a claim, though not definitely stated either in the findings or briefs, that at times when there was more water than was required for the defendant's stockholders, the surplus was devoted to public use by the defendant, or its predecessor, and that plaintiff received water from this surplus. If this were true, the decree should have limited the plaintiff's right to the use only of this surplus water. But the findings do not warrant such claim.

The court below seems to have been in some uncertainty as to the nature of a use of water which could be called a public use. Section 1 of article XIV of the constitution declares that "The use of all water appropriated for sale, rental, or distribution" is a public use. So also does the act of March 12, 1885, (Stats. 1885, p. 95). It has been held that the word "appropriation" as used in the constitution is not limited to

water appropriated under the provisions of the Civil Code, but is general in its meaning, and includes all water, however acquired, which is devoted to public use. (*Merrill* v. *South-side etc. Co.*, 112 Cal. 426.) But it cannot be held that the meaning of the constitutional provision should be so broadened as to cover the proposition that all water which is distributed among a number of persons is, from that fact alone, to be considered as devoted to a public use. Where a number of persons owning land are each entitled to take water from a common stream or source, for use upon their respective tracts of land, either by virtue of an appropriation under the Civil Code or by prescription, or as riparian owners, the water-right of each is individual and several, and must be considered as private property and not the subject of public use, although the persons so owning interests in the stream are very numerous and their lands include a large neighborhood. The owners of such water-rights may make a joint diversion, and may carry the water from the point of diversion in a common conduit, made with common funds, and in such a case, in the absence of a special contract to the contrary, they will be the owners in common of the diversion works and conduits; but the respective water-rights will remain several and will remain private property. If the persons owning such rights see fit to form a corporation and delegate to such corporation the work of making the diversion and distribution, and of constructing and keeping in repair the dams and conduits, reserving to themselves their rights in the water, as was done in this case, they do not thereby dedicate or appropriate to public use the water thus reserved and used by them. The corporation becomes merely their agent for the purpose of serving their several interests, so far as they may be served by a common system of works, the water remaining the subject of individual ownership and private use as before. This principle was decided in substance in *McFadden* v. *County of Los Angeles*, 74 Cal. 571, and it was also recognized in *McDermont* v. *Anaheim etc. Co.*, 124 Cal. 114.

In the case of a public use, the beneficiaries do not possess rights to the water which are, in the ordinary sense, private property. A public use "must be for the general public, or some portion of it, and not a use by or for particular individuals, or for the benefit of certain estates." (*McQuillen* v. *Hatton*, 42 Ohio St. 202.) "The use and benefit must be in

common, not to particular individuals or estates." (Lewis on Eminent Domain, sec. 161; *Coster* v. *Tide Water Co.,* 18 N. J. Eq. 68; *Pocantico Co.* v. *Bird,* 130 N. Y. 259; *Gilmer* v. *Lime Point,* 18 Cal. 251; *McFadden* v. *County of Los Angeles,* 74 Cal. 571.) The right of an individual to a public use of water is in the nature of a public right possessed by reason of his *status* as a person of the class for whose benefit the water is appropriated or dedicated. All who enter the class may demand the use of the water, regardless of whether they have previously enjoyed it or not.

With these principles in mind, there should be no great difficulty in determining whether all or any of the water was devoted to a public use of which plaintiff was a beneficiary, or was the subject of private ownership.

The judgment specifies no quantity of water to which plaintiff is entitled. His right would, at all events, be confined to his actual needs for use on the premises. But it is very apparent from all the evidence that his right, if any he has, may be still further curtailed by a scarcity of water, and any decree in his favor should define his share in such an event with as much certainty as the facts will allow.

There are other questions arising upon the sufficiency of the evidence to justify certain of the findings, and from alleged errors of law, but as they may not arise again, it will not be necessary to consider them.

The judgment and order refusing to dissolve the injunction are reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

Van Dyke, J., Angellotti, J., McFarland, J., Lorigan, J., and Henshaw, J., concurred.

Rehearing denied.