[Sac. No. 4027. In Bank.—August 24, 1928.]

CONSOLIDATED PEOPLES DITCH COMPANY et al., Respondents, v. FOOTHILL DITCH COMPANY et al., Defendants; LINDSAY–STRATHMORE IRRIGATION DISTRICT et al., Appellants.

Sloss & Ackerman, W. G. Irving and Powers & McFadzean for Appellants.

W. R. Bailey, Farnsworth, Burke & Maddox and Glenn L. Moran for Respondents.

RICHARDS, J.—This action was commenced by the plaintiffs, eighteen in number, to quiet the title of themselves

and each of them in and to the use of the waters of the Kaweah River, located mainly in the county of Tulare, and to restrain a threatened diversion of such waters to the injury of said plaintiffs and each of them. The plaintiffs sought and obtained from the superior court in and for the county of Tulare a temporary injunction restraining certain of said defendants from proceeding to do the acts of diversion which it is averred in their verified complaint the said defendants are preparing to accomplish, the appeal or appeals herein being prosecuted on behalf of the defendants who were thus temporarily restrained. There are several appeals herein owing to the state of the record, but they all present the same issue, viz., as to whether the trial court exceeded its power or abused its discretion in the issuance of such temporary injunction. The two defendants affected by such injunction are Lindsay-Strathmore Irrigation District and H. R. Huebert, the secretary and managing agent of said district. The plaintiffs allege that each of their number, with the exception of the Tulare Irrigation District, is a corporation organized and existing under the laws of the state of California; that the Tulare Irrigation District is a political subdivision of the state of California, organized under the act providing for the organization and government of irrigation districts and the acts supplementary thereto; that the defendant Lindsay-Strathmore Irrigation District is also a political subdivision of said state, organized and governed under said act and the acts of the legislature supplemental thereto; that the Kaweah River is and from time immemorial has been a natural watercourse, the waters of which flow from sources in the Sierra Nevada Mountains down into and through the county of Tulare; that at a certain point along said stream known as "McKays Point" the river forks or divides into two channels, the northerly of which is thereupon known as St. John's River and the southerly of which as the Kaweah River; that these in their downward flow further divide and proceed under various names to discharge the waters of the river upon lower lands; that the various plaintiffs have long since acquired, some by appropriation and some by riparian ownerships, certain water rights in and to the flow of said river and which they are wont to exercise by means of ditches which are connected with said river and the various channels thereof at indicated

points below the point of its division at McKays Point; that the waters which these individual plaintiffs so own are diverted from the several channels of said river by means of these respective ditches and are conveyed thereby to the point of ultimate consumption for irrigation, domestic, and other useful and beneficial purposes, the specific amount to which each of said plaintiffs is entitled to have and divert to such purposes being specifically set forth in said complaint. The plaintiffs then set forth the existence of certain water rights in the defendants Foothill Ditch Company and Wallace Ranch Water Company, and to state the extent and limitations thereof. They then proceed to allege that the defendant Lindsay-Strathmore Irrigation District claims to have acquired from these last-named defendants certain rights to the use of a certain ditch known as Foothill Ditch, formerly owned by Wallace Ranch Water Company, and which is connected with the Kaweah River at a point above McKays Point, and that having done so it is proceeding by the aid of teams and a large force of men to enlarge the carrying capacity of said ditch and the flumes and aqueducts thereof to an extent much greater than the limited use of the same for the diversion of the waters to which the former owners thereof were entitled would require, and to such a size as would enable the said Lindsay-Strathmore Irrigation District to divert a quantity of water from the Kaweah River so large as to seriously endanger the rights of these several plaintiffs in and to the waters of said river and as would deprive them and each of them of their rightful share thereof to their and each of their irreparable injury; that the acts of the said defendants in so doing and in excess of their right so to do would, unless restrained by the court, ripen into an easement to the irreparable injury not only of said plaintiffs but also to the stockholders of the plaintiffs, who are the owners of individual parcels of land upon which the beneficial uses of the waters to which their respective corporations are entitled are being applied. Wherefore the plaintiffs prayed for a judgment quieting their title to their respective water rights as against the said defendants' threatened and continued trespasses thereon, and further prayed for the issuance of a temporary injunction pending the trial and final determination of the action restraining the defendants and each of them from

proceeding with the threatened diversion of the waters of said river at the point and in the manner being attempted and in excess of their and each of their right so to do. In pursuance of the latter prayer the plaintiffs presently moved the trial court for such temporary injunction, supporting their motion with the affidavit of one H. H. Holley, expanding the averments of their verified complaint. Upon the hearing on said motion the defendants presented counter-affidavits, setting forth certain reasons why a temporary injunction should not presently issue in said action, and also, and in addition thereto, setting forth the basis of the asserted right of the defendant Lindsay-Strathmore Irrigation District, the detail of which will be stated later, to proceed with the enlargement of the said Foothill Ditch and to the diversion thereby of certain specific amounts of water from the Kaweah River at the point of intake of said Foothill Ditch with the said river. The trial court proceeded to hear and determine said motion upon the showing thus presented by the respective parties and to grant the same as to the defendants Lindsay-Strathmore Irrigation District and H. R. Huebert in accordance with the prayer of the plaintiffs therefor. The appeals herein are prosecuted by the two defendants injuriously affected thereby. Four notices of appeal were filed by these out of excess of caution, but they amount to a single assault upon the effective order which the trial court finally signed and entered, and the record is embraced in a single transcript and set of briefs.

As to the several assaults which the appellants make upon the order in question, other than their main objection founded upon their basic claim of right to do the acts thereby enjoined, but brief consideration is required. The appellant's contention that a preliminary injunction was not presently necessary for the plaintiffs' protection against a threatened loss of water for the reason that at this season of the year no available water was flowing in the Kaweah River, we deem to have no merit. The present acts of said appellants of which complaint was made consisted of an active and expensive program of preparation through the enlargement of the intake and capacity of the Foothill Ditch for whatever flow of water might occur in said river. In the presence of such preparation the plaintiffs could not afford to remain passive until such time as the water rose in

the river to a height which would render its actual diversion by these appellants possible, without risk of the charge of laches in allowing the appellants' costly outlays based upon a claim of right to proceed. (*Katz* v. *Walkinshaw*, 141 Cal. 116, 136 [99 Am. St. Rep. 35, 64 L. R. A. 236, 70 Pac. 663, 74 Pac. 776] ; *Conaway* v. *Yolo W. & P. Co.*, 204 Cal. 125 [58 A. L. R. 674, 266 Pac. 944].)

■ As to the appellants' contention that the terms of the preliminary injunction granted are broader than and are inconsistent with the prayer of the complaint it is also, we think, unmeritorious. The complaint as originally drawn is in the form of an action to quiet title, with a prayer for both specific and general relief. The case as made out upon the plaintiff's motion for the issuance of a preliminary injunction is predicated upon affidavits and counter-affidavits on behalf of the respective parties setting forth specifically the acts and conduct of the defendants against which the plaintiffs seek immediate relief, and setting forth also the specific claim of right asserted and being acted upon by the defendants and upon which they rely for a denial of the plaintiffs' motion. The order of the trial court relates to the particular situation as thus specifically presented and aims to establish and maintain a *status quo* until the trial of the cause upon its merits. We do not deem the order of the trial court to be broader than the situation requires, but if in the acutal operation *pendente lite* it should develop that it is so, the trial court would have power to make such modification therein as justice to the litigating parties from time to time required.

■ As to the appellants' contention that the plaintiffs have no common cause of action for injunctive relief, it is also without merit, for while the rights of the several plaintiffs to the use of the waters of the Kaweah River are individual, derived from various and unrelated situations and divergent as to the method, amount, and time of their exercise, they are all, though perhaps not all equally, dependent upon their relation to a common source of supply, and any wrongful interference which would work a common injury would entitle them to unite in an effort to enjoin. (*Barton* v. *Riverside Water Co.*, 155 Cal. 509 [23 L. R. A. (N. S.) 331, 101 Pac. 790].)

60

■ We are thus brought to the appellants' main contention upon this appeal. The history of the litigation which has heretofore arisen involving the assertion on the part of the Lindsay-Strathmore Irrigation District of certain rights to the use of the waters of the Kaweah River is to be read in the cases of *Lindsay-Strathmore Irr. Dist.* v. *Superior Court*, 182 Cal. 315 [187 Pac. 1056], and *Tulare Irr. Dist.* v. *Superior Court*, 197 Cal. 649 [242 Pac. 725]. After the determination by the superior court upon a retrial of the main cause with respect to which the two above cited decisions were made, the Lindsay-Strathmore Irrigation District, acting in the main through its secretary and manager, H. R. Huebert, in about the year 1925, began purchasing shares of stock in a number of corporations holding and owning accrued rights of appropriation of the water of the Kaweah River or its branches and possessed of ditches for the diversion and distribution of such of said waters as each corporation appropriator had become entitled to among the owners and holders of the capital stock of each in proportion to their said ownerships and upon such lands as might be designated by the holders of such shares of stock. Most of the corporations with respect to which such stock purchases were made were plaintiffs in the former action and are plaintiffs in the present one. Having thus acquired the amount of the capital stock of each of said corporations which its several purchases thereof represented, the Lindsay-Strathmore Irrigation District entered into a contract for the purchase of an interest in the upper portion of the so-called Foothill Ditch which had its original point of intake from the Kaweah River at a place upon said river above McKays Point and hence above the respective points of intake of the several ditches of the corporation, chiefly plaintiffs herein, stock in which had been made the subject of the aforesaid purchases of the Lindsay-Strathmore Irrigation District. Having thus become the owner of the several blocks of stock bought by it from former stockholders of these several corporations, with whatever rights of ownership inhered therein, and having thus acquired the right to utilize the Foothill Ditch at and below its point of intake from the river, the Lindsay-Strathmore Irrigation District proceeded, at large outlays for men and materials, with the enlargement of said Foothill Ditch at and below its said

point of intake to the extent of a water carrying capacity which, if permitted to be proceeded with, would have enabled it to take and divert from the waterflow of the Kaweah River an amount of water equaling in acre-feet the aggregate amount of water to which, by virtue of its several stock ownerships in the said corporations acquired as above stated, it would have thus become entitled to have proportionately received in the course of the distribution by each of such corporations of the water to which it and its stockholders had become entitled by virtue of the appropriation thereof by each from the sum total of the waters of the Kaweah River. The Lindsay-Strathmore Irrigation District insists in this action and upon this appeal that it is entitled by virtue of its aforesaid stockholder's interest in the stock of these several corporations to such a definite and direct ownership in the waters of the Kaweah River as would permit it to go upon said river to a point above the several points of intake of the several ditches of the several corporations in which it has become a stockholder and there extract and divert by means of said expanded Foothill Ditch an amount of water equaling in the aggregate the sum of the several amounts of acre-feet of water which it would otherwise have been entitled to have distributed to it proportionately with the other stockholders of each of such corporations in the course of the utilization of the amount of water to which each corporation was entitled by virtue of its individual appropriation of the waters of the Kaweah River. We are unable to give our assent to such a contention.

As to the appellants herein it is conceded that H. R. Huebert in his activities in the way of acquiring stock holdings in the several corporations in which the Lindsay-Strathmore Irrigation District has become a stockholder, and in whatever he has done in the way of expanding the capacity of the Foothill Ditch has been acting throughout merely as the agent and representative of said district, which is the only real and actual party in interest upon this appeal. It is also conceded that whatever rights the Lindsay-Strathmore Irrigation District is presently asserting in justification of its proposed diversion of water from the Kaweah River at the point of intake of the Foothill Ditch are those which it has acquired by virtue of its recent purchases of

portions of the capital stock of the several corporations in which it has thus become a stockholder. The several corporations, the stock of which it has thus purchased, and which are plaintiffs herein are the following: Lakeside Ditch Company, Tulare Irrigation Company, Elk Bayou Ditch Company, Consolidated Peoples Ditch Company, Farmers Ditch Company, Persian Ditch Company, Evans Ditch Company, Uphill Ditch Company, Fleming Ditch Company and Modoc Ditch Company. The said appellant has also acquired and owns stock in the Goshen Ditch Company and the Wutchumna Water Company, which are not plaintiffs herein. The individual share holdings of said appellant in each of said corporations is not given, but it is asserted in the supporting affidavit of H. H. Holley, and is not controverted by the counter-affidavits, that the shares of stock acquired by the said appellant in the several corporations would entitle the holder thereof to an aggregate of one hundred cubic feet of water per second at certain stages of the flow of the Kaweah River, and that the appellant has enlarged the Foothill Ditch to a sufficient capacity for diverting that amount of water at the head of said ditch. It is also asserted in the affidavit of said Holley, but denied in the counter-affidavits presented on behalf of the defendants, that "to attempt to segregate and take into the head of said Foothill Ditch or into the head of any other ditch above the heads of the ditches owned by the plaintiffs herein any quantity of water purporting to be the amount of water represented by the ownership of certain shares of stock in said plaintiff ditch companies, would disrupt and interminably confuse the system of the administration of water rights on said Kaweah River and on its branches and continuations, and would make it impossible to administer the distribution of water from said river and from its branches and continuations to the respective persons and corporations who are entitled to such waters." The several corporations in which the said appellant has thus become a stockholder to the extent above set forth are corporations organized under the laws of the state of California and as such are invested with the powers and duties with respect to both the properties thereof and the stockholders therein as the constitution and statutes of California and the by-laws of such framed in accordance therewith provide. They are not, however, such

corporations as are referred to in section 324 of the Civil Code, the stock holdings in which have been by the by-laws thereof made appurtenant to certain lands and are to be transferable only with such lands. The capital stock of the foregoing corporations is transferable in the ordinary manner provided by law and the owners thereof are the equitable owners of that proportion of the properties of each of such corporations which their respective number of the shares of stock thereof bear to the entire subscribed capital stock of the corporation, and as such equitable owners of the properties of the corporation are also equitably entitled to the proportionate distribution of such waters as such corporation acquires by appropriation or otherwise for the various uses for which such waters are acquired. Such stockholders are in that sense and to that extent, but to none other, owners of the water and water rights which the corporation possesses and over the distribution of which it exercises under general laws and under its particular by-laws full and exclusive control. The term "Mutual Water Company," much stressed by the appellants herein as defining these several corporations, has no defined legal meaning which would serve to differentiate corporations, organized for the acquiring of water rights and the distribution of water, from other corporations owning and administering property for the benefit of their stockholders, nor have the stockholders in that class of corporations any other or further rights than have those of corporations in general with respect to the administration of the affairs and properties of the corporation. The stockholders in corporations organized chiefly for the purpose of acquiring and distributing water have, it is true, a definite right to their proportion of the distribution of such water when so acquired, and the cases are uniform to the effect that they may individually enforce that right by appropriate proceedings in the event of its evasion or denial on the part of the officers of the corporation. (*Miller* v. *Imperial Water Co.*, 156 Cal. 27 [24 L. R. A. (N. S.) 372, 103 Pac. 227]; *McDermont* v. *Anaheim etc. Co.*, 124 Cal. 112, 114 [56 Pac. 779].) There are cases, such as the case of *Thayer* v. *California Development Co.*, 164 Cal. 117 [128 Pac. 21], and *Hildreth* v. *Montecito Water Co.*, 139 Cal. 22 [72 Pac. 395], and *Stratton* v. *Railroad Com.*, 186 Cal. 119 [198 Pac. 1051], wherein the land

owners of riparian rights have organized a corporation for the sole purpose of facilitating the distribution of their water upon their lands and in so doing have expressly reserved the ownership of such water in themselves. But the corporations above named and in each of which the main appellant herein is a stockholder are none of them of that character. The sole right of each and every stockholder in each of said corporations is the right in mutuality with its fellow stockholders of having the proportionate share of each in the distributable waters owned by such corporation supplied to such stockholder through the instrumentalities, including the system of dams, intake, and ditches provided by the corporation for such proportionate distribution of the waters of the Kaweah River covered by its particular appropriation thereof, and it would seem to be too clear for argument that neither one nor any number of such stockholders would or could possess the legal right to take or to receive the amount of water to which such stockholder or stockholders may be entitled by another manner or means than those supplied by the corporation itself in the exercise of its full and legal control over the reception and distribution of such of the waters of the Kaweah River as is covered by its appropriation and is receivable in the amounts and at the points of intake designated in the very acquisition of its appropriative rights in the water of such river. To adopt the views of the main appellant herein as to its right, derived solely from its holdings of stock in these several corporations to go higher up the river than the points of intake of each and all of the corporations of which it is a stockholder and establish there an intake and system of ditches sufficient in capacity to enable it to extract and carry away the amount of water represented in its aggregated holdings of corporate stock would necessarily be to admit the possession of similar rights in each and every stockholder in each of said corporations to go and do likewise, and it is too plain for argument that such an admission would result in a state of inextricable discord and confusion among the owners of water rights of various sorts along the course not only of the Kaweah River, but of every other river and stream of water in California where similar rights, by appropriation or otherwise, in the flowing waters of these streams are in the course of acquisition and exercise. The

creation or threatened danger of such a consequence would of itself supply a sufficient reason for the use of the injunctive processes of the court in the way of its prevention. It appears affirmatively herein that none of the several corporations in which the main appellant herein has become a stockholder has in anywise denied or interfered with the right of said appellant as such stockholder to receive the full quota of water which it is entitled to in the due course of the distribution of each stockholder's share of the water belonging to each said corporation. That said appellant may not be able to so lawfully combine its several distributive shares in the waters of the Kaweah River to which it is thus in severalty entitled as to be able to deliver the same in a body upon its orchard properties, cannot be held to justify its attempt to make such combination in the clearly unlawful method which has given rise to the present action.

For the foregoing reasons we are of the opinion that the order of the trial court granting and issuing a temporary injunction herein should be and the same is hereby affirmed.

Preston, J., Seawell, J., Shenk, J., Waste, C. J., and Langdon, J., concurred.

Hearing in Bank denied.

All the Justices present concurred.