[Civ. No. 17850. Second Dist., Div. One. May 15, 1951.]

VALLEY VIEW MUTUAL WATER COMPANY (a Corporation), Appellant, v. H. TRUMAN BROWNE et al., Respondents.

Floyd E. Pendell and Don R. Lehman for Appellant.

Overton, Selig & Wilson and Paul Overton for Respondents.

WHITE, P. J.—Plaintiff has appealed from a judgment of dismissal entered after general demurrers to its amended complaint were sustained without leave to amend further.

The defendants H. Truman Browne and Bettie Forrest Browne are the owners of land within the area served by plaintiff mutual water company, their right to receive water being evidenced by certificates for shares in such company, which shares are appurtenant to the land. These defendants have refused to accept water from plaintiff and are securing their water from defendant Park Water Company. Defendant H. H. Wheeler is president of defendant Park Water Company. By its amended complaint the plaintiff sought an injunction to restrain Park Water Company from "trespassing" upon the land of defendants Browne, or furnishing water thereto, to restrain defendants Browne from purchasing water from defendant Park Water Company, and to restrain all defendants from destroying or interfering with the water lines owned by plaintiff on the property of defendants Browne.

Plaintiff by its amended complaint alleged:

That defendant Park Water Company is a corporation organized for the purpose of furnishing water to customers at a profit and has constructed a small system on land adjoining the district of the plaintiff; that it is the intention of said defendant to trespass upon the district of plaintiff; that said defendant has trespassed to the extent of furnishing customers in Lots 1 to 15 of Tract 13904, within the territory of plaintiff, with water and by constructing pipe lines.

That on June 20, 1949, plaintiff adopted and caused to be recorded in Los Angeles County its amended by-laws, a copy thereof being attached to the complaint, which by-laws con-

tained the statement that certificates of stock should contain the following provision:

"This certificate is issued to the holder hereof and accepted by him on the condition that the shares of stock represented hereby constitutes a contract to purchase water service from the company exclusively, . . . ."

The original complaint filed herein did not contain the foregoing allegation, and the sample stock certificates annexed thereto did not contain any provision with reference to a contract to purchase water service exclusively from the plaintiff. The amended by-laws incorporating such contract were not recorded until June 20, 1949, eight days prior to the filing of the original complaint. By the original complaint it appeared that defendants Browne held certificates numbered 434, 552, 554, and 556, in the form attached to the original complaint, which form contained no provision that acceptance of such certificate constituted a contract to take water exclusively from the plaintiff.

Returning to the amended complaint, it is alleged that the defendants Browne had notice of the provisions of the by-laws recorded June 20, 1949, but that said defendants conspired with defendant Park Water Company to trespass upon the territory belonging to the plaintiff corporation "and did violate the right of the plaintiff to serve water to tract number 13904." It is further alleged that plaintiff has supplied water for domestic and irrigation purposes to its stockholders since its incorporation; that it serves water to its members only, and that the stock of the company by the terms of its by-laws is appurtenant to the land served and cannot be sold or held separate from the land served; that plaintiff has a sufficient supply of water to serve the lands within its district; that plaintiff owns its water system free of encumbrances and its operation is maintained by assessments and income derived from the sale of water to its stockholders.

It further appears from the amended complaint that in 1948 the defendants Browne acquired the land which they subsequently subdivided as tract 13904, consisting of 15 lots, and in connection with the purchase of the land acquired the certificates of stock in plaintiff mutual water company hereinbefore mentioned. Said defendants have constructed single family residences upon these 15 lots, and in connection therewith all of the defendants have placed water pipes on the land for the purpose of providing water service by Park

Water Company to the lots in question. It is further alleged that plaintiff has the "right" to serve water for said lots and the defendants Browne have the "duty" to receive water from plaintiff, and that plaintiff is ready, able and willing to furnish water; and that the refusal of defendants Browne to accept water service is contrary to the contract between plaintiff and defendants Browne as provided by the articles of incorporation, by-laws and certificate of stock "to which instrument the defendants Browne have had notice."

It would serve no useful purpose to set forth further the allegations of the amended complaint. Suffice it to say, they consist of conclusions which in the view of this court do not follow from such ultimate facts as are alleged. The proposition of law upon which appellant must rely, and which must be rejected, is that a mutual water company has the exclusive right to serve its stockholders and may enjoin its stockholders from accepting water from another source. The fact that the shares are appurtenant to the land is of no significance. Further, there is no question here of breach of contract by the stockholder. As heretofore noted, there was no agreement by the stockholders to accept water exclusively from plaintiff. Such purported agreement was incorporated in by-laws and stock certificates adopted and issued subsequent to the filing of this action. It is elementary that a mutual water company may not change or modify an existing contract between itself and its shareholders by merely amending its by-laws without the consent of the shareholders affected.

 The right evidenced by the stock certificates is a right to receive water and is primarily a right in real property. (26 Cal.Jur. 449; *Estate of Thomas*, 147 Cal. 236 [81 P. 539]; *Richey* v. *East Redlands Water Co.*, 141 Cal. 221 [74 P. 754]; *Wheat* v. *Thomas*, 209 Cal. 306 [287 P. 102]; *Imperial Water Co.* v. *Meserve*, 62 Cal.App. 593 [217 P. 548].)

 If appellant's contentions be correct, it would lead to the anomalous situation that, even in the absence of a contractual prohibition one could not acquire shares in two different water companies. That such is not the case is evidenced by the decision in *Consolidated People's Ditch Co.* v. *Foothill Ditch Co.*, 205 Cal. 54, 60, 61 [269 P. 915]. It would also mean that property to which the shares were appurtenant might forever remain burdened by the duty of the landowner to accept water from one source only, a

situation clearly contrary to public policy against restraints on alienation.

None of the authorities relied upon by appellant support its contentions. The situation is simply one in which the owner of land to which water rights evidenced by certificates of stock in appellant mutual water company are appurtenant, has subdivided such land, and appellant claims to have the exclusive right to furnish water to the parties who have purchased residences on such land. And this, not by virtue of any covenant or agreement by the subdivider, but by virtue of by-laws of the mutual company adopted subsequent to the subdividing operations of the defendants Browne and subsequent to the acquisition by such defendants of their certificates for shares in appellant. The belated attempt of appellant to modify the terms and conditions of the contract between it and respondents Browne, as evidenced by the certificates for shares, by amending the by-laws, was futile. Consequently the contentions of appellant in regard thereto must be rejected.

The charges of trespass by the defendant water company and resulting damages are equally fallacious, in that they are based upon the rejected theory that appellant mutual company has an exclusive right to furnish water to the land in question.

For the reasons stated, the judgment is affirmed.

Doran, J., and Drapeau, J., concurred.