[Civ. No. 7171. Fourth Dist. April 8, 1964.]

SAN BERNARDINO VALLEY MUNICIPAL WATER DISTRICT, Plaintiff and Appellant, v. THE GAGE CANAL COMPANY, Defendant and Respondent; HARRY R. ERWIN et al., Defendants and Appellants.

Taylor, Smith & Williams, Taylor & Smith, Robert J. Webb and Edward F. Taylor for Plaintiff and Appellant.

Walker, Sullivan, Hews, Brown & Yakutis and Alexander B. Yakutis for Defendants and Appellants.

Redwine & Sherrill, Justin M. McCarthy and Earl Redwine for Defendant and Respondent.

STONE, J.*—Plaintiff, a municipal water district, filed an action in condemnation pursuant to California Municipal Water District Act of 1911, to condemn the water rights and certain of the physical properties of defendant-respondent, an incorporated mutual water company.

By way of special defense, defendant company pleaded that there is pending another action filed some 10 months prior to this action, by which the City of Riverside seeks to condemn all of the property plaintiff herein seeks to condemn. This special defense was tried separately before trial of the other issues, and the trial court entered an interlocutory judgment staying further proceedings until termination of the condemnation action pending in Riverside County.

Four shareholders, who were not named as defendants, appeared and answered, denying that defendant company owns the water rights being condemned. They assert a right to appear pursuant to Code of Civil Procedure section 1246, upon the theory that defendant company holds the water rights as trustee for the shareholders since each shareholder's right to receive water as evidenced by his share certificate, is appurtenant to the land described in the certificate. The shareholders also assert the right to appear and answer in a representative capacity since the question of condemnation of the water rights of defendant company is a question of common or general interest to each shareholder, and that it is impracticable to join all 378 of them. The court granted the motions of plaintiff and of The Gage Canal Company, defendant, to strike the answer of the shareholders-defendants individually and in their representative capacity. They have appealed from the order.

In substance, there are two appeals in this action: one by plaintiff San Bernardino Valley Municipal Water District from the interlocutory judgment staying further proceed-

*Assigned by Chairman of Judicial Council.

ings, and a second and unrelated appeal by shareholders-defendants from the order striking their answer.

## APPEAL FROM JUDGMENT STAYING PROCEEDINGS

Defendant company argues that plaintiff has no right of appeal from the interlocutory judgment staying proceedings because it is an interlocutory order, and not a final judgment. However, Code of Civil Procedure section 597, which governs special defenses not involving the merits of the case and interlocutory judgments entered after hearing is had on such special defenses, provides that: "... [W]here the defense of another action pending is sustained (and no other special defense is sustained) an interlocutory judgment shall be entered in favor of the defendant pleading the same to the effect that no trial of other issues shall be had until the final determination of such other action, and the plaintiff may appeal from such interlocutory judgment in the same manner and within the same time as is now or may be hereafter provided by law for appeals from judgments."

The pivotal question, then, is not whether the interlocutory judgment is appealable, but whether the court had authority to enter the judgment in the first place.

The main thrust of plaintiff's argument is that a trial court has no authority to stay proceedings upon the ground that a prior action is pending, unless in both actions the parties are the same and the cause of action is substantially the same. In support of this contention, plaintiff cites a number of California cases which express this well-settled principle of law. However, none concerns a condemnation action, nor is it likely that such authority could be found insofar as concerns identity of parties plaintiff, for no circumstances come to mind that would motivate the same condemner to file successive actions to condemn the same property.

We consider the question novel, so we start afresh by first examining the nature of the litigation before us. ■ An action in eminent domain is not an adversary proceeding in the conventional sense, for the condemning entity is not required to assert any prior title or interest in the property. ■ By filing the action the condemner, in effect, serves notice that it is taking title and possession of certain property, and that defendant must assert his title or interest, not to prove a right to possession, but to prove a right to be compensated for the taking. ■ Furthermore, unnamed persons may appear as defendants and answer the complaint by

asserting an interest in the property. ▮▮ Thus it is readily apparent that eminent domain is a highly specialized area of the law and that because of characteristics peculiar to condemnation actions, citations to cases concerning an abatement or a stay of proceedings in the usual adversary action are not pertinent to the issue here, at least insofar as they concern identity of the parties and identity of the cause of action.

If identity of parties and of causes of action are not determinative of the question of a stay of proceedings when there are conflicting condemnation proceedings against the same res by different condemners, the question immediately arises: What criterion is determinative? That is, upon what ground must a court determine which of two conflicting condemnation actions directed at the same res shall be stayed pending disposition of the other. ▮▮ The key to the answer lies in the fact that an action in eminent domain is an action in rem to divest an owner of his title and right to possession of a particular res. In discussing the nature of an eminent domain action, the Supreme Court made this definitive statement in *Harrington* v. *Superior Court*, 194 Cal. 185, at page 189 [228 P. 15]: "Condemnation proceedings have been described as proceedings *in rem*, and jurisdiction, therefore, does not depend on the disclosed identity of the parties defendant, but on the subject matter and an opportunity to be heard in the exercise of due process on the most effective notice possible. (20 C.J. 916.) In this state condemnation proceedings are in the nature of actions *in rem*, for all persons interested in the property described in the complaint, though not named therein, may appear and defend. (Code Civ. Proc., § 1246.)"

Code of Civil Procedure section 1245.3 specifically provides that in eminent domain actions the judgment is conclusive and has the effect of a judgment in rem. In pertinent part, it reads as follows: "Any judgment rendered in such a proceeding shall be binding and conclusive not only upon the persons named as defendants and served with process but upon the heirs and devisees of, and all persons claiming by, through, or under, any decedent sued and served as herein provided and upon all persons unknown claiming any right, title, estate or interest in the property described in the complaint and shall have the force and effect of a judgment in rem."

Clearly, two condemners cannot have valid judgments in

rem decreeing that each has title to and the right to possession of the same res. Since one judgment or the other must be conclusive, it would be a disservice to one condemner or the other, as well as to the defendant to permit both actions to proceed to judgment. ■ We hold that the condemner that first files an action in a court of competent jurisdiction prevails. We are impelled to this conclusion by the cases which hold that in an in rem action a court obtains jurisdiction of the res when the complaint is filed. In *Bayle-Lacoste & Co.* v. *Superior Court,* 46 Cal.App.2d 636, it was said, at page 642 [116 P.2d 458]: "A condemnation action is a proceeding *in rem*. The filing of the complaint, and not the issuance of summons, vests the court with jurisdiction. Jurisdiction of the subject matter is not conferred by consent of the parties. Its origin is in the provisions of the Constitution (Const., art. I, § 14; art. XII, § 8), to be exercised in the manner provided in part III, title VII, of the Code of Civil Procedure."

As a corollary to the rule that in a condemnation action the filing of the complaint vests the court with jurisdiction, it has been held that the title finally acquired by the condemner relates back to the commencement of the action. In discussing judgments in condemnation, the court had this to say in *East Bay Municipal Utility Dist.* v. *Kieffer,* 99 Cal. App. 240, at pages 248-249, [278 P. 476, 279 P. 178]: "The title finally acquired by the plaintiff in the first two suits, as against intervening rights of persons having actual or constructive notice of such suits, relates back to the commencement thereof. (*Smith* v. *Jeffcoat,* 196 Ala. 96 [71 So. 717]; *School District of Ogden* v. *Smith,* 113 Ark. 530 [168 S.W. 1089]; *Currie* v. *Bangor & A. R. Co.,* 105 Me. 529 [75 A. 51]; *Dowie* v. *Chicago, W. & N.S. Ry. Co.,* 214 Ill. 49 [73 N.E. 354]; 16 Cal. Jur. 652.)"

The decisional precepts of jurisdiction in eminent domain cases are recognized, at least by implication, in our condemnation statutes. Code of Civil Procedure section 1243 requires that: "A *lis pendens* shall be filed at the time of the commencement of the action in every county in which any of the property to be affected shall be located."*

■ If it is suggested that plaintiff is not bound by a

*Section 1243 was amended in 1963 to require that the *lis pendens* be recorded in the office of the county recorder in every county in which any of the property to be affected is located.

judgment in rem upon the ground of sovereignty since it is exercising power delegated to it by the state, we point out that the state is bound by an in rem judgment, just as is an individual. It was so held in *People* v. *Linda Vista Irr. Dist.*, 128 Cal. 477, wherein the Supreme Court stated, at page 482 [61 P. 86]: "... if it be not only such a judgment, but a judgment *in rem*—then the state, like an ordinary individual, is estopped from questioning it. Such a judgment is binding on the whole world, and the state comes within that territory. No case is cited, and we believe there is none, holding that a judgment *in rem* does not bind the state." (Accord: *Estate of Radovich*, 48 Cal.2d 116, 122 [308 P.2d 14].)

█ Aside from jurisdiction over the res, other considerations support the trial court's order staying proceedings in this, the second condemnation action, pending disposition of the first action in Riverside County. For example, in *Scott* v. *Industrial Acc. Com.*, 46 Cal.2d 76 [293 P.2d 18], the same cause of action was pending in different tribunals of concurrent jurisdiction. Although the action was in personam, the reasons expressed by the Supreme Court for its holding that the tribunal first assuming jurisdiction retains it to the exclusion of all other tribunals in which the action might have been initiated, are pertinent here. The Supreme Court had this to say in *Scott*, at pages 81-82: "One reason for the rule is to avoid unseemly conflict between courts that might arise if they were free to make contradictory decisions or awards at the same time or relating to the same controversy; another reason is to protect litigants from the expense and harassment of multiple litigation."

The defendant here would be harassed by having to defend identical condemnation actions proceeding concurrently in two different counties. Yet plaintiff has pointed to no circumstance bearing on the question that would exist after judgment that is not presently before the court for consideration. Under these conditions it would be absurd to delay a determination of the issue until after judgment and unnecessarily burden the courts with a multiplicity of actions and vex the defendant with two lawsuits for condemnation of its property.

Were we to hold that the date of entry of judgment determines which public entity obtains title and possession of the res, it could well be that each plaintiff would urge the superior court of its county to set aside all other business and move the condemnation action to judgment so that the

county could acquire water rights being condemned by another public entity in another county. While the expeditious disposition of litigation is desired, justice would hardly be worthy of its name if it induced a precipitate scramble to reduce conflicting actions to judgment in courts of concurrent jurisdiction. That courts would be drawn into such a contest we hopefully doubt, but the possibility that the processes of justice might be thus perverted cannot be countenanced.

Plaintiff argues that if the public entity first filing an action to condemn water rights of a private or mutual water company is to prevail, cities and municipal water districts speculating upon possible future water needs will be tempted to file condemnation actions prematurely, and that water rights will not be put to the highest and best use. Plaintiff also argues: "... an even greater abuse of discretion results from arbitrary blocking of eminent domain proceedings initiated to assure water to many thousands of persons who need it. Certainly a public agency required by law to do so in accordance with resolutions duly adopted for the purpose, has the same rights accorded to all litigants."

Plaintiff's argument that thousands of people need the water might well apply to almost any area of Southern California, and we are not insensitive to plaintiff's need for water. But we point out that the specific question here is which of two condemning public agencies has the right to proceed with its action, and why. Counsel did not clarify plaintiff's position as to this aspect of the problem when queried from the bench during oral argument. We gather that plaintiff bases its right to proceed upon the ground that it will put the water rights of defendant to a higher or more beneficial use than will Riverside. There could be no other justification for a claim of right to proceed with an action filed 10 months after Riverside commenced its action. But the present posture of the case precludes a determination of this question. ■ Yet because of the public interest in water we are impelled to observe that if plaintiff asserts it has a better right to condemn the water rights in question, it must press its claim by intervention in the prior Riverside County action.

The Supreme Court, in an early case, *Gridley* v. *Boggs*, 62 Cal. 190, held that a judgment in rem is conclusive. Among the reasons given for its holding, the court said, at page 202:

"Such a judgment is conclusive unless impeached for fraud, on those who were neither parties nor privies to it. (*Id.* 384.) And the reasons given by Professor Greenleaf are: 'These decisions are binding and conclusive, not only upon the parties actually litigating in the cause, but upon all others; partly upon the ground that in most cases of this kind, and especially upon cases of property seized or proceeded against, *every one who can possibly be affected by the decision has a right to appear and assert his own rights* (italics added), *by becoming an actual party to the proceedings*; and partly upon the more general ground of public policy and convenience, it being essential to the peace of society that questions of this kind should not be left doubtful,' etc."

Patently, the Supreme Court did not quote Professor Greenleaf with an eye to answering the question we are now considering, but the language upon which the court relied, "every one who can possibly be affected by the decision has a right to appear and assert his own rights," seems to be broad enough to bring plaintiff's claim within the purview of Code of Civil Procedure section 1246. This section provides that in eminent domain actions all persons having or claiming an interest in any of the property described in the complaint, though not named, may appear, plead, and defend, each in respect to his own property or interest, or that claimed by him.

Under the circumstances here presented, we believe that section 1246 should be construed with great liberality, not because this is a condemnation action but because water rights are being condemned. The people have proclaimed a public interest in water and water rights, which is expressed in article XIV, section 3, of the Constitution, by the following language: "It is hereby declared that because of the conditions prevailing in this State the general welfare requires that the water resources of the State be put to beneficial use to the fullest extent of which they are capable, and that the waste or unreasonable use or unreasonable method of use of water be prevented, and that the conservation of such waters is to be exercised with a view to the reasonable and beneficial use thereof in the interest of the people and for the public welfare."

The state Legislature reiterated this public interest by the enactment of the following statutes: Water Code section 104, which declares that the people of the State of California have a paramount interest in the use of all water of the state and

that the state shall determine what water of the state, surface and underground, can be converted to public use or controlled for public protection; Water Code section 105, which provides that the protection of the public interest in the development of the water resources of the state is of vital concern to the people of the state; and Water Code section 106, which provides it to be the established policy of the state that the use of water for domestic purposes is the highest use of water and that the next highest use is for irrigation. Further, the Supreme Court has declared that ''It is well settled in this State that the law relating to the reasonable and beneficial use of water is to be applied in settlement *of all water controversies.*'' (Italics added.) (*Miller & Lux* v. *San Joaquin L. & P. Corp.*, 8 Cal.2d 427, 435 [65 P.2d 1289].)

Plaintiff's final argument is that the order staying proceedings in this action is predicated upon a Riverside Superior Court order for immediate possession of the res by the City of Riverside. Plaintiff argues that the Riverside court exceeded its jurisdiction in making the order for possession, so that the order staying proceedings is likewise void. It is clear from our earlier discussion that a superior court assumes jurisdiction of the res in a condemnation action when the complaint is filed, not when an order for possession is entered. (*Harrington* v. *Superior Court, supra; Bayle-Lacoste & Co.* v. *Superior Court, supra; East Bay Municipal Utility Dist.* v. *Kieffer, supra*; Code Civ. Proc., § 1243.) Whether the order for possession is void is immaterial to the determination of when jurisdiction attaches.

The trial court properly entered the interlocutory judgment staying proceedings.

## Appeal From Order Striking Answer

Defendants-shareholders were not named as defendants in the condemnation action. They appeared and answered, however, under the authority of Code of Civil Procedure section 1246, which provides that all persons having or claiming an interest in any of the property described in the complaint, though not named, may appear, plead and defend in like manner as if named in the complaint.

The shareholders predicated their interest in the property upon the theory that the individual shareholders own the water rights and all other property held by defendant company; that the company holds title to the property merely as trustee or agent for the shareholders.

The same theory of ownership of the assets of defendant mutual water company was advanced by the shareholders in a companion case, *Erwin* v. *Gage Canal Co., ante,* p. 189 [37 Cal.Rptr. 901], this day decided, and upon the authority thereof and for the reasons stated therein, we hold that the trial court properly made its order striking the answer of defendants Harry R. Erwin, E. K. Fleming, Robert F. Irving, and R. S. Malloch.

The interlocutory judgment staying proceedings and the order striking answer are affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied April 29, 1964, and the petitions of plaintiff and appellant and defendants and appellants for a hearing by the Supreme Court were denied June 3, 1964.