[Civ. No. 1143. Fifth Dist. Mar. 24, 1970.]

EMPIRE WEST SIDE IRRIGATION DISTRICT et al.,
Plaintiffs and Respondents, v.
DICK LOVELACE et al., Defendants and Appellants.

**COUNSEL**

Lyman D. Griswold for Defendants and Appellants.

Rex B. Goodcell, Jr., Clawson & Jennings, Berryhill & Kuney and Charles W. Jennings for Plaintiffs and Respondents.

**OPINION**

**STONE, P. J.**—Defendant landowners appeal from a summary judgment in rem validating a contract between plaintiff water districts. The contract purports to define the water rights of the two districts, the storage and distribution system of each, and the exercise of water rights in connection with the use of particular facilities.

For several years plaintiffs, Empire West Side Irrigation District and Stratford Irrigation District, have provided water diverted from the Kings River to landowners within each district. Development of storage and other facilities following construction of Pine Flat Dam, created new problems of storage and distribution in the exercise of the water rights controlled by each of the contiguous districts. A plan of storage and distribution was developed between the two, a contract embodying the plan was executed by the directors of both districts, and an action was then filed to determine the validity of the contract pursuant to Code of Civil Procedure section 860 et seq.

Defendants, landowners within the Stratford Irrigation District, appeared by way of answer in the in rem proceeding, objecting to the manner water represented by eight and five-eighths shares of Lemoore Canal and Irrigation Company is to be distributed under the terms of the contract. Plaintiff districts contend that even though the stock of defendants is appurtenant to their lands, the Stratford Irrigation District holds title as trustee for purposes of distribution and the individual landowners within that district cannot interfere with the discretionary acts of the directors in performing the duties of diverting, storing, transporting and delivering water. Under certain circumstances this is correct; for example, in *Erwin* v. *Gage Canal Co.,* 226 Cal.App.2d 189 [37 Cal.Rptr. 901], it was held that shareholders in a water company could not enjoin the directors of the company from entering into an agreement with a condemning governmental agency (City of Riverside) by which the facilities of the water company would be transferred to the city. (See also *City of Riverside* v. *Malloch,* 226 Cal.App.2d 204 [37 Cal.Rptr. 862]; *San Bernardino etc. Water Dist.* v. *Gage Canal Co.,* 226 Cal.App.2d 206, 215 [37 Cal.Rptr. 856].)

However, an analysis of these cases reveals that in each instance the landowner or shareholder did not own the water right. What he did own was a right to receive water, and that right was appurtenant to his land, while title to the water right itself rested in the water company or district. (See *Consolidated Peoples Ditch Co.* v. *Foothill Ditch Co.,* 205 Cal. 54 [269 P. 915]; *City of Glendale* v. *Crescenta Mut. Water Co.,* 135 Cal. App.2d 784 [288 P.2d 105].)

In the case at bench, the water rights are appurtenant to defendants' lands, and the district is merely the agent for the purposes of diverting, storing, transporting and delivering water. This is established by the Supreme Court in *Empire West Side Irr. Dist.* v. *Stratford Irr. Dist.,* 10 Cal.2d 376 [74 P.2d 248], holding that the Stratford Irrigation District is an agent or trustee for the purpose of distributing the water represented by the eight and five-eighths shares of stock, title or ownership of said water rights remaining with the lands formerly comprising the Empire Ranch. (See *Hildreth* v. *Montecito Creek Water Co.,* 139 Cal. 22 [72 P. 395].)

It is clear from the holding in the *Empire West Side Irr. Dist.* v. *Stratford Irr. Dist., supra,* case that defendant landowners have a proprietary interest in the water rights represented by the eight and five-eighths shares of Lemoore Canal & Irrigation Company, that is, they own the water rights as such, quite aside from the question of storage and distribution of water. Consequently they are interested and proper parties to this in rem action since it appears from the pleadings and affidavits that the contract sought to be validated affects their water rights.

█  Turning, now, to the question of summary judgment, we find that plaintiffs support their motion with a joint declaration by the president of the board of directors of each district, reciting the historical events leading up to the negotiations which culminated in the contract before the court for validation. The principal declaration of fact is that the contract acknowledges the respective rights of the districts and of the landowners within the two districts, specifically including eight and five-eighths shares of Lemoore Canal & Irrigation Company stock and the rights pertaining thereto as defined in *Empire West Side Irr. Dist.* v. *Stratford Irr. Dist., supra.* There is the further declaration that "the said settlement does not by its terms, and it is the intention of the contracting districts that it shall not by its operation, deprive any landowner within either district of any property or property rights, or injure or damage any such landowner or his lands." Defendant landowners, however, filed affidavits alleging that despite the foregoing declaration of intent, the terms of the contract require Stratford Irrigation District to furnish water obtained through the eight and five-eighths shares of Lemoore Canal & Irrigation Company stock to lands

that were not a part of the Empire Ranch. The effect of enlarging the district, defendants allege, is to decrease their water entitlement in derogation of their appurtenant water rights. Plaintiffs filed no counterdeclaration, apparently relying upon the contract, which recites:

"7. That in the operational exercise of the respective rights and interests in the water entitlement represented by the said 8⅝ shares of Lemoore Canal and Irrigation Company stock, provided in Paragraph 6 above, it is agreed between the parties hereto:

"(A) That the *lands within the present boundaries of the respective districts which were not a part of the Empire Ranch and owned by the Empire Investment Company are not significant in amount* and that for reasons of operational convenience, the following limitations and provisions of this paragraph Seventh should be applied to all lands within the present boundaries of the respective districts. This is supported by the fact that Stratford is the owner of two shares of Lemoore Canal and Irrigation Company over and above the said 8⅝ shares which are the subject of the following limitations and provisions of this paragraph Seventh, and *Stratford's use of the water yield from these two shares will at all times be in excess of the water demands of the lands within the present boundaries of Stratford which were not a part of the Empire Ranch. . . .*" (Italics added.)

Clearly, the declarations by defendant landowners which contradict the recitals in the contract create a conflict of fact; they present a triable factual issue. In *Slobojan* v. *Western Travelers Life Ins. Co.,* 70 Cal.2d 432, at page 436 [74 Cal.Rptr. 895, 450 P.2d 271], the Supreme Court pointed out that: "The matter to be determined by the trial court on a motion for summary judgment is whether facts have been presented which give rise to a triable factual issue. *The court may not pass upon the issue itself.*" (Italics added.)

The issue presented by the conflict between the contract provisions and the allegations in defendants' affidavits mentioned above, is whether furnishing water to 200 acres which were not a part of the Empire Ranch is "insignificant" under the circumstances, and whether the two shares of Lemoore Canal & Irrigation Company stock owned by Stratford Irrigation District are sufficient to service the added acreage without encroaching upon the water entitlement under the eight and five-eighths shares of stock appurtenant to defendants' lands.

There is also the question whether the operative effect of the contract transmutes defendants' interest in the eight and five-eighths shares of stock from ownership of water rights (*Hildreth* v. *Montecito Creek Water Co., supra,* 139 Cal. 22, 29) into a right to receive water (*Consolidated Peoples Ditch Co.* v. *Foothill Ditch Co., supra,* 205 Cal. 54, 64).

Defendants filed the affidavit of Jeff L. Taylor, a civil engineer, which corroborates the allegations in the landowners' affidavits that adding acreage to be serviced by the Stratford Irrigation District which was not a part of the Empire Ranch and not entitled to any of the water evidenced by the eight and five-eighths shares of stock in Lemoore Canal & Irrigation Company, will reduce proportionately the water entitlements of defendants. His lengthy affidavit raises a second fact issue; he alleges that the canals and ditches by which plaintiff districts propose to distribute water are not lined, that they traverse porous, sandy and alluvial soil, which causes water losses during transportation that have averaged 50 percent over the past six years. The engineer alleges that the contract enlarges the surface area to be served and consequently will require the use of additional canals and ditches which, in turn, will cause greater water loss in distribution, thereby reducing the amount of water available from the eight and five-eighths shares of stock for defendants' lands.

Whether these allegations can be successfully sustained to the satisfaction of a trial court is immaterial in determining the propriety of a summary judgment. ■ As noted above, the basic question in a summary judgment action is whether the affidavits of the parties present a fact issue; if they do, the trial court is powerless to resolve that issue. ■ In determining whether a fact issue was raised, we are guided by the admonition of the Supreme Court in *Slobojan,* that: "The affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of summary judgment should be resolved against granting the motion." (P. 437.)

■ The court also observed in *Slobojan* that: "Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts." (P. 437.) We find this peculiarly applicable here in view of Code of Civil Procedure section 870, which provides that in a contract validation action: "The judgment, if no appeal is taken, or if taken and the judgment is affirmed, shall, notwithstanding any other provision of law including, without limitation, Sections 473 and 473a of this code, thereupon become and thereafter be forever binding and conclusive, as to all matters therein adjudicated or which at that time could have been adjudicated, against the agency and against *all other persons* and said judgment shall permanently enjoin the institution by any person of any action or proceeding raising any issue as to which said judgment is binding and conclusive." (Italics added.)

Were we to affirm the summary judgment, defendants would be forever precluded from presenting in a fullblown trial the issues discussed above, which we deem to raise fact questions.

Since we determine that the case must go back to the trial court for a hearing, we wish to make it clear that by our decision we do not intend to imply how the contract should be interpreted or the effect of any of the provisions thereof. We limit our holding to the proposition that defendant landowners have raised triable factual issues by their affidavits.

The judgment is reversed.

Gargano, J., and Coakley, J., concurred.